In the Matter of CAMILLE C. PIERNE, Respondent, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, et al., Appellants.

In the Matter of TERENCE J. HARVEY, Respondent, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, et al., Appellants.

In the Matter of THOMAS F. KEEVAN, Respondent, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, et al., Appellants.

Argued May 28, 1943; decided December 2, 1943.

*Robert H. Schaffer*, Acting Corporation Counsel (*Paxton Blair* and *Raymond J. Horowitz* of counsel), for appellants. Since the petitioners could raise, upon certiorari, the question of the Police Commissioner's jurisdiction to try them, there was no justification for recourse to prohibition—a remedy uniformly denied in cases of this nature. Moreover, the public interest requires that the departmental trials occur, in order that the root of the evils referred to in the Grand Jury's presentment may be uncovered, and measures taken to rectify conditions. (*Matter of Moran* v. *Wilson*, 258 App. Div. 864; *People ex rel. Crowley* v. *Butler*, 53 Misc. 366; *People ex rel. Kennedy* v. *Foley*, 104 Misc. 684; *Matter of Bryan* v. *Town Board of Brighton*, 133 Misc. 315; *People ex rel. Tuck* v. *French*, 108 N. Y. 105; *People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383; *Matter of Hussein Lutfi Bey*, 256 U. S. 616; *Matter of Rice*, 155 U. S. 396; *People ex rel. Mulkins* v. *Jimerson*, 229 N. Y. 438; *People ex rel. Ballin* v. *Smith*, 184 N. Y. 96; *People ex rel. Jordan* v. *Wotherspoon*, 94 Misc. 419; *United States ex rel. Denholm & McKay Co.* v. *U. S. Board of Tax Appeals*, 75 App. D. C. 195, 125 F. 2d 557.) Under the 1940 revision (Local Law No. 2, 1940) of the police pension chapter of the Administrative Code, an application for retirement is not self-executing. A resolution of the Board of Trustees is necessary to effectuate it. To hold otherwise might open the door to wholesale retirements, with grave injury to the public welfare in time of war. (*Matter of State of New York*, 207 N. Y. 582; *Matter of City of*

*Long Beach* v. *Sprague,* 273 N. Y. 607; *Matter of McMeekan* v. *Department of Health,* 157 Misc. 620, 249 App. Div. 609, 274 N. Y. 521; *People ex rel. Brady* v. *Martin,* 145 N. Y. 253; *People ex rel. Tuck* v. *French,* 108 N. Y. 105; *People ex rel. Bolster* v. *French,* 46 Hun, 232; *People ex rel. Fitzpatrick* v. *Greene,* 181 N. Y. 308; *Rees* v. *Teachers' Retirement Board,* 247 N. Y. 372; *Matter of Rogalin* v. *New York City Teachers' Retirement Board,* 290 N. Y. 664; *Matter of Roche* v. *Waldo,* 141 App. Div. 872, 203 N. Y. 610; *People ex rel. Hardy* v. *Greene,* 87 App. Div. 588; *Kiernan* v. *Hunter College Retirement Board,* 255 App. Div. 378; *MacIntyre* v. *Retirement Board of San Francisco,* 42 Cal. App. 2d 734; *Walter* v. *Police & Fire Pension Comm. of Trenton,* 120 N. J. L. 39.) While Keevan had obtained from the Medical Board a certificate that he was physically incapacitated, nevertheless under section B18–4.0, e, of the Administrative Code such medical findings are advisory only and do not relieve the Board of Trustees of the necessity of determining whether such physical disability was or was not incurred in line of duty. (*Matter of Hickie* v. *Valentine,* 177 Misc. 743, 262 App. Div. 832; *Matter of Browne* v. *Valentine,* 104 N. Y. L. J. 625, 261 App. Div. 889.)

*Sydney Rosenthal* and *Benjamin J. Jacobson* for respondents. The retirement statute being self-executory, petitioners Pierne and Harvey were automatically retired upon the effective dates of their applications filed therefor. (*People ex rel. Fitzpatrick* v. *Greene,* 181 N. Y. 308; *Mullarkey* v. *Valentine,* 245 App. Div. 837; *Rees* v. *Teachers' Retirement Board,* 247 N. Y. 372; *Matter of Creveling* v. *Teachers' Retirement Board,* 255 N. Y. 364; *Matter of Rogalin* v. *New York City Teachers' Retirement Board,* 290 N. Y. 664; *Fitzpatrick* v. *New York State Teachers' Retirement Board,* 212 App. Div. 760, 241 N. Y. 515; *Hunn* v. *New York State Teachers' Retirement System,* 264 App. Div. 188, 289 N. Y. 171.) As the statute governing disability retirement, like the service-retirement statute, is self-executory, Keevan was automatically retired, upon the issuance of the police surgeon's certificate of disability, and no charges could thereafter be preferred against him. (*Matter of Hickie* v. *Valentine,* 177 Misc. 743, 262 App. Div. 832; *Rees* v. *Teachers' Retirement Board,* 247 N. Y. 372.) The fact that retirement under section B18–4.0-c of the Administrative Code is automatic upon

the filing of an application therefor is not against public policy. (*Matter of Rogalin* v. *New York City Teachers' Retirement Board,* 290 N. Y. 664.) An order in the nature of prohibition to restrain the Police Commissioner from exercising judicial or *quasi-judicial* functions in excess of jurisdiction, is the proper remedy under the circumstances and should be granted. (*Quimbo Appo* v. *People,* 20 N. Y. 531; *Matter of Quinby* v. *Public Service Comm.,* 223 N. Y. 244; *People ex rel. Hylan* v. *Finegan,* 227 N. Y. 219; *Matter of O'Donnell* v. *Morrissey,* 151 Misc. 315; *Matter of Requa* v. *White,* 170 Misc. 29.'

LEHMAN, Ch. J. On March 16, 1942, the petitioner-respondent Camille C. Pierne, an inspector in the Police Department of the City of New York, filed an application for retirement from the police force effective at midnight on the same day, and to be placed on the roll of the Police Pension Fund and to be granted an annual pension during his lifetime, according to law. At the time the application was made the petitioner-respondent had been a member of the police force for more than thirty years, was over the age of fifty-five years, and no formal charges were at that time pending against him.

On March 24, 1942, the petitioner-respondent Harvey, then a lieutenant in the Police Department of the City of New York, filed a similar application for retirement from the police force and for an annual pension, the application to take effect at midnight of the same day. At that time Harvey had been a member of the police force for more than twenty-eight years and was over the age of fifty-five years. No charges were pending against him.

On March 2, 1942, the petitioner-respondent, Keevan, a patrolman on the police force, filed an application " for a medical examination " by the police surgeons for the purpose of determining his fitness to perform police duties, and in that application he stated that he was of the opinion that he was permanently disabled and unfit for police duty. A medical examination by a Medical Board of the Police Fund was had on March 10, 1942, and the medical board found the petitioner-respondent physically incapacitated to perform full police duty by reason of chronic arthritis and sacro-iliac disease, and the Medical Board recommended to the Police Commissioner as chairman of the Board of Trustees of the Police Pension Fund that the petitioner

be retired from the uniformed force of the Police Department because of such disability. No charges were pending against him, and he had been a member of the police force since May, 1922.

At the time when the three petitioners-respondents filed their application for retirement, a special Grand Jury was investigating charges of official corruption in the borough of Brooklyn, and Hon. John Harlan Amen was conducting the investigation as Assistant Attorney-General of the State. In connection with that investigation, Mr. Amen undertook an investigation of the conduct of various police officers in connection with the enforcement of the gambling laws. The three petitioners-respondents were called as witnesses and testified concerning their conduct as police officers, waiving immunity, on numerous occasions between May, 1941, and January, 1942. We may surmise that, when they applied for retirement, they knew that charges against them might be presented. On April 8, 1942, after the petitioners-respondents had filed their applications for retirement and before the trustees of the Police Pension Fund had taken any action upon the applications, the Grand Jury filed presentments containing charges of dereliction of official duty against the three defendants, and transmitted the charges to the Commissioner of Police of the City of New York " for such disciplinary action and further proceedings as he deems fitting and proper." The presentments were filed at that particular time and were transmitted to the Police Commissioner for the avowed purpose of inducing the trustees of the Pension Fund to withhold approval of the applications made by the petitioners-respondents for retirement until after there had been opportunity to present and try charges against the petitioners-respondents. Accordingly the Commissioner thereafter served charges and specifications upon each of the applicants for retirement and suspended the applicants. They received notice of hearings to be held at a date fixed in the notice. Claiming that under the law the applications for retirement had become effective without action by the trustees of the retirement fund or other official body or officer, and that they were no longer members of the police force or subject to disciplinary action by the Commissioner at the time the charges against them were filed, the petitioners-respondents sought orders prohibiting the

defendants from proceeding with hearings upon the charges. The petitions were dismissed by the court at Special Term on the ground that the retirement law was not self-executing and that applications for retirement become effective only after the Board of Trustees of the Pension Fund have acted upon such applications. Upon appeal to the Appellate Division the orders dismissing the petitioners were reversed " on the law " by a divided court and orders of prohibition granted.

An order of prohibition can, of course, be issued only if the Police Commissioner is entirely without jurisdiction to hear and decide the charges, but, concededly, he would have no jurisdiction in disciplinary proceedings against the petitioners-respondents if retirement was accomplished, without any resolution by the Board of Trustees of the Pension Fund, before the charges were filed. Prohibition is, however, an extraordinary remedy, and an order of prohibition will ordinarily not be granted where there is other adequate remedy for usurpation of jurisdiction by a tribunal. In this case the defendants-appellants urge that certiorari would constitute an adequate remedy, even assuming that the Commissioner has no longer any disciplinary power over the petitioners-respondents. Both the court at Special Term and the Appellate Division held that a prohibition proceeding was a proper method of challenging in advance the jurisdiction of the Commissioner to proceed with the charges. Certiorari would not in our opinion be an adequate remedy in this case, and the petitioners might suffer irreparable damages if they were compelled to defend themselves against the charges if, as matter of law, they are no longer members of the Police Department. Certainly there is at least room for the exercise of discretion, and since both courts agreed that an order of prohibition should issue if, as matter of law, the petitioners were no longer members of the police force, we may not review such exercise of discretion, even though the order denying prohibition was reversed as " matter of law " on other grounds.

The Legislature has, in title B, article 1 of chapter 18 of the Administrative Code of the City of New York (L. 1937, ch. 929, as amd.), determined the manner in which the Police Pension Fund shall be administered and has defined the rights and obligations of a member of the police force who, upon retirement, is

entitled to receive a pension. The statute provides that " the police pension fund shall be administered by a board of trustees * * * " (§ B18–2.0, subd. a) and that " Every act of the board of trustees shall be by resolution which shall be adopted only by a vote of at least seven-twelfths of the whole number of votes authorized to be cast by all of the members of such board " (subd. b of the same section). In section B18–4.0, entitled " Payment of pensions; disability; retirement for service," the statute provides:

" a. The board of trustees shall retire any member who, upon an examination, as provided in subdivision d  *  *  * , may be found to be disqualified, physically or mentally, for the performance of his duties. Such member  *  *  *  shall receive *  *  *  an annual pension as provided in this section. In every case such board shall determine the circumstances thereof  *  *  * .

"c. Any member who: [1.] Shall have elected to contribute on the basis of retirement after twenty years of service and who has or shall have performed service in the force for at least twenty years, or [2.] Shall have elected to contribute on the basis of retirement after *twenty-five years* of service and who has or shall have performed service in the force for at least twenty-five years, upon his own application in writing shall be retired from such force and service, and placed on the roll of the pension fund, and awarded and granted, to be paid from such fund, an annual pension during his lifetime, of not less than one-half his full salary at the date of his retirement from service.

" g.  The granting of a pension on severance from service for fault or delinquency shall not be a matter of right, but such a pension may be granted in consideration of special circumstances by the board of trustees and a vote of at least two-thirds of the whole number of votes authorized to be cast by all the members of such board."

Except as restricted by the Constitution of the State, the Legislature may, by statute, determine in what circumstances and under what conditions a member of the police force, or officer, or employee of the State, or of a Municipal Corporation, shall be entitled to retire and, upon retirement, to receive a pension or other retirement benefit. Until the retirement is accomplished in accordance with the statute, an application for retire-

ment does not, by its own force, terminate an applicant's membership in the police force. By the use of appropriate language the Legislature can indicate its intention that retirement shall not be effective until a retirement board or an administrative officer has approved the application or has determined that the statutory condition for retirement actually exists, or the Legislature can indicate its intention that the statute shall " execute itself," and in such case " when necessary conditions actually exist the retirement is accomplished by the policeman's application, without any action upon the part of any other body." (*People ex rel. Fitzpatrick* v. *Greene,* 181 N. Y. 308, 310.)

In that case this court held that the Police Commissioner of the City of New York had no jurisdiction to try charges filed against a police officer who had applied for retirement when no charges were pending and who was entitled to be retired upon a pension pursuant to section 355 of the Greater New York Charter (L. 1901, ch. 466) then in force. Under the provisions of that section of the Charter, an honorably discharged soldier or sailor from the army or navy of the United States in the Civil War " who has * * * performed duty on such police force * * * for a period of twenty years or upwards, upon his own application in writing * * * provided there are no charges against him pending, *must be* " retired on a pension. Since retirement upon the application of the police officer was, under the Charter, mandatory if no charges were *pending* when the application was made, the court felt constrained to hold that the Legislature had withheld from the Police Commissioner power in the exercise of his discretion to postpone the retirement until opportunity was afforded to investigate charges of misconduct filed thereafter. If the Legislature in section B18–4.0, subdivision c, had used the same language, then under the authority of the cited case the retirement of the petitioners Pierne and Harvey would have been accomplished when the application was made and before the charges were filed.

The question as to these petitioners which is presented upon this appeal is whether the rule formulated in section 355 of the Charter as construed by this court in *People ex rel. Fitzpatrick* v. *Greene (supra)* has been changed. That section of the Charter did not, however, apply to retirement for disability. Retirement for such cause was regulated by section 354 of the Charter

and is now regulated by section B18–4.0, subdivision a, of the Administrative Code. The Charter section provided expressly that the Police Commissioner " shall have power, *in his discretion,* to retire " a member of the police force who shall have become disabled. The Administrative Code provides that the board of trustees " shall retire " any member who may be found to be disqualified upon an examination held in accordance with the statute. Plenary discretion formerly expressly conferred upon the board is in such case now withheld from the board. A medical board has found the petitioner Keevan is disqualified. The question as to that petitioner which is presented upon this appeal is whether the Legislature which commands peremptorily that the *board shall retire* a member in such case intended to provide that the retirement " is accomplished " and severance from service is complete without action by the board " when the necessary condition exists."

Where a statute commands an officer or board to retire an applicant for retirement and to grant a retirement benefit when the necessary condition for retirement actually exists, the retirement is not complete until such officer or board has obeyed the command of the statute. If the applicant can show facts which leave no room for the exercise of discretion by the officer or board under a duty to complete the retirement, obedience to the command of the statute may be in proper case compelled by order of the court. Nonetheless, the retirement remains incomplete until every step required by the statute has been taken. (*People ex rel. Brady* v. *Martin,* 145 N. Y. 253.) In that case the court pointed out that under a statute which provided that any member of the police force who has performed duties thereon for twenty years or more " shall, by resolution, adopted by a majority vote of the full board, be relieved and dismissed from such force and service and placed on the roll of the police pension fund," the board is not deprived of all discretion, but " where grave charges of misconduct have been preferred immediately after the application for retirement has been made, and before it has been acted upon by the board, we think the board has the right, before proceeding to act upon the application, to investigate such charges " (p. 260). Certainly under the provisions of subdivision a of section B18–4.0, where a member of the police force has been " found to be disqualified,

physically or mentally, for the performance of his duties '' such finding does not in itself accomplish retirement, for the statute expressly commands that '' *the board of trustees shall retire any member* '' and retirement by the board like every other action by the board, must be taken by resolution. The board, it seems clear, is not bound to act until it has investigated the charges filed against the petitioner Keevan after he applied for retirement, and no order can be issued prohibiting the Commissioner from trying the charges. (See *Matter of Eberle* v. *La Guardia,* 285 N. Y. 247.)

The answer is not so clear to the question whether the retirement of the petitioners Pierne and Harvey is complete upon their own application in writing made in accordance with subdivision 3 of section B18–4.0. Where a statute provides in express terms that the '' *application shall retire* '' an officer or employee of the State or of a Municipal Corporation and does not command an officer or board to retire the applicant, we have held repeatedly that the retirement is accomplished by the application. (*Matter of Rogalin* v. *New York City Teachers' Retirement Board,* 290 N. Y. 664.) On the other hand, where the statute provides that, when the necessary condition exists, an *officer or board shall retire* an applicant entitled to retire, however peremptory the command may be, we have consistently held that the retirement is not accomplished until the board has acted. (*People ex rel. Brady* v. *Martin, supra; Matter of Eberle* v. *La Guardia, supra.*) Subdivision c of section B18–4.0 does not provide in express terms that the '' application shall retire '' the member of the police force who is applying for retirement, nor does it in express terms provide, as did section 355 of the former Charter of the City of New York, that the applicant *must* be retired if no charges are then pending. On the other hand, the language of the Administrative Code that a member '' shall be retired on his own application '' is strikingly similar to the language used in the former Charter, and the new statute does not in express terms provide that the applicant shall be retired *by the board of trustees.* Our problem is to decide whether in formulating the right of retirement of a member of the police force after twenty-five years of service, the Legislature chose language similar to the language used in the old Charter in order that the new statute might receive

the same construction that had been placed upon the Charter section in *People ex rel. Fitzpatrick* v. *Greene (supra)*, or made some change in the language of the Charter provision in order to indicate that it was adopting a different rule.

This court, like the Appellate Division, has concluded that if the Legislature had intended to change the rule it would have employed plainer language. The court finds in the striking similarity of the language used in section B18–4.0, subdivision c, to the language of the statute superseded by that section an unmistakable indication that the Legislature intended to leave the rule unchanged.

Judge DESMOND and the writer of this opinion find more significance in the change of language. We find the statute instinct with a purpose to require that all retirement from the police force should be accomplished only by a resolution by the board of trustees. At the very beginning of the first subdivision of the section regulating retirement, the Legislature provided for action by the *board*. When it provided in the later subdivisions that an applicant, after long years of service, *shall* be retired on his own application, the Legislature, we think, addressed the command to the board of trustees and intended that retirement should not be complete until the board had acted. We note that in amending the statute the Legislature eliminated the provision that an applicant must be retired " provided there are no charges against him pending." We do not believe that by such elimination the Legislature intended to give to a member entitled to apply for retirement an absolute right to immediate and self-executing " severance from service " upon a pension even though serious delinquency may have been previously revealed and the application for retirement may have been impelled by a desire to escape trial on charges either pending or imminent. We recognize, nonetheless, the force of the opposing considerations which the court now holds are decisive.

The order of the Appellate Division should be reversed, and that of the Special Term affirmed without costs in *Matter of Keevan*. The order should be affirmed, with costs, in *Matter of Pierne* and *Matter of Harvey*.

LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; THACHER, J., taking no part.

Ordered accordingly.