In the Matter of the CITY OF NEW YORK, Appellant, against EMIL SCHOECK et al., Respondents, et al., Defendants.

Argued April 18, 1945; decided July 19, 1945.

560

*Ignatius M. Wilkinson, Corporation Counsel (Morris Shapiro* of counsel), for appellant. I. The board of trustees, having found that Schoeck was permanently disabled, was under a duty imposed by the pension statute to retire him and having failed to do so the Court should compel performance of the duty which the statute imposes. (*Matter of Pierne* v. *Valentine,* 291 N. Y. 333; *Matter of Potts* v. *Kaplan,* 264 N. Y. 110.) II. The fire department pension statute establishes a trust fund and imposes on the trustees specified trust duties. It having been shown that the trustees are unable to execute the trust and fix and determine the retirement rights of Schoeck, the power to perform that act devolves upon the court. (*Brown* v. *Spohr,* 180 N. Y. 201; *Matter of Pierne* v. *Valentine,* 291 N. Y. 333; *Roddy* v. *Valentine,* 268 N. Y. 228; *Matter of Schwab* v. *McElligott,* 282 N. Y. 182; *N. Y. City Employees' Retire. System* v. *Eliot,* 267 N. Y. 193; *Matter of Furgueson* v. *La Guardia,* 257 App. Div. 1048, 281 N. Y. 678; *Colton* v. *Colton,* 127 U. S. 300; *Collister* v. *Fassitt,* 23 App. Div. 466,

163 N. Y. 281; *Stuart* v. *Cheyney*, 206 Pac. 386; *Klug* v. *Klug* [1918], 2 Ch. 67; *Cutter* v. *Burroughs*, 61 Atl. 767; *Prince* v. *Barrow*, 48 S. E. 412; *Collins* v. *Collins*, 121 S. E. 218; *Marshall* v. *Cauldwell*, 125 Mass. 435; *Warner* v. *Rogers*, 255 Ill. App. 78.)

*B. Arnold Chambers* and *Gerald H. Chambers* for Emil Schoeck, respondent. I. The Supreme Court may not judicially review the vote of the trustees of the pension fund and substitute its own discretion for theirs. Generally, the courts are not authorized to review the exercise of administrative or executive discretion. (*Matter of Small* v. *Moss*, 279 N. Y. 288; *People ex rel. Peixotto* v. *Bd. of Education*, 212 N. Y. 463; *People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26.) II. The courts have consistently refused to intervene to direct the manner of voting by administrative bodies. (*People ex rel. Comstock* v. *Morrison*, 64 App. Div. 262, 165 N. Y. 644; *Matter of Moose* v. *Town Board of Health*, 116 Misc. 459; *People ex rel. Francis et al.* v. *Common Council*, 78 N. Y. 33; *People ex rel. Brady* v. *Martin et al.*, 145 N. Y. 253; *Matter of McMeekan* v. *Dept. of Health*, 157 Misc. 620, 274 N. Y. 521; *Matter of State of New York*, 207 N. Y. 582; *Matter of City of Long Beach* v. *Sprague*, 248 App. Div. 625, 273 N. Y. 607; *Matter of Heffernan* v. *McGoldrick*, 259 App. Div. 671.) III. The Supreme Court should not intervene where the members of a board of trustees specifically vested with sole and exclusive discretionary voting power and acting in good faith and within the scope of their jurisdiction, have been unable to agree. (*Matter of Hickie* v. *Valentine*, 177 Misc. 743, 262 App. Div. 832; *Matter of Pierne* v. *Valentine*, 266 App. Div. 70, 291 N. Y. 333; *Matter of Walsh* v. *McElligott*, 169 Misc. 457; *Matter of Reynolds* v. *Bingham*, 126 App. Div. 289; *Matter of Phillips* v. *McElligott*, 254 App. Div. 863, 279 N. Y. 792; *Matter of Eichle* v. *McElligott*, 259 App. Div. 151, 283 N. Y. 716; *People ex rel. Kane* v. *Drennan*, 106 Misc. 40.) IV. The statutory language involved makes evident the legislative intent that the medical board's opinion be merely advisory.

*Paxton Blair* and *Edward M. Edenbaum* for Vincent J. Kane and others, respondents. I. Since the local law provides that the Board of Trustees of the Fire Department Pension Fund shall act by a vote of at least seven-twelfths of their number,

and since the local law has failed to provide for the consequences of a tie vote, the Appellate Division rightly held it error to rule that the votes of one group of six, rather than the other group of six, were arbitrary and should be changed by judicial fiat. (*Sun P. & P. Assn.* v. *Remington P. & P. Co.*, 235 N. Y. 338; *Hillas & Co., Ltd.*, v. *Arcos, Ltd.*, 36 Com. Cas. 353 [C. A., 1931]; *Saum* v. *Capital Realty Development Corp.*, 268 N. Y. 335; *Matter of State of New York*, 207 N. Y. 582; *Matter of City of Long Beach* v. *Sprague*, 248 App. Div. 625, 273 N. Y. 607; *People ex rel. Brady* v. *Martin et al.*, 145 N. Y. 253; *Matter of Pierne* v. *Valentine*, 291 N. Y. 333; *Matter of Hickie* v. *Valentine*, 177 Misc. 743, 262 App. Div. 832; *Matter of Gluck* v. *Rice*, 265 N. Y. 132.)  II. Under the rule in *Matter of Hickie* v. *Valentine* (177 Misc. 743, 262 App. Div. 832), the preference of the uniformed firemen's representatives on the board of trustees for the views of the minority of the medical board could not be held so baseless and arbitrary as to justify an order directing the board to make a determination opposed to the views of such members.  III. The analogy of cases from the law of trusts may not be invoked to sanction a disregard of the statutory procedure in relation to the award of pensions. To invoke it would violate the principle that a *casus omissus* does not justify judicial legislation. (*People ex rel. Wood* v. *Assessors, etc.*, 137 N. Y. 201; *United States* v. *Dern*, 289 U. S. 352; *Matter of MacMaster* v. *Harvey*, 239 App. Div. 553, 265 N. Y. 555; *Matter of Curtin* v. *Dorman*, 293 N. Y. 505; *People ex rel. Clapp* v. *Listman*, 40 Misc. 372; *Matter of Walsh* v. *La Guardia*, 269 N. Y. 437; *The People* v. *Woodruff*, 32 N. Y. 355; *Ebert* v. *Poston*, 266 U. S. 548; *Matter of Doyle*, 257 N. Y. 244.)

LEHMAN, Ch. J.  The respondent Emil Schoeck became a member of the uniformed force of the Fire Department of the City of New York on July 1, 1913, and a Battalion Chief on March 1, 1937.  On December 31, 1942, he applied for and was granted sick leave.  On March 29, 1943, he filed an application for a "Three-fourths (¾) disability pension for injuries received in the discharge of duty."  No final official action upon that application has been taken.

Administration of the New York Fire Department Fund is regulated by article 1, title B of chapter 19 of the Administrative

Code of the City of New York. It provides among other things: "A board of trustees shall be the head of the New York fire department pension fund " and " Every act of the board of trustees shall be by resolution which shall be adopted only by a vote of at least seven-twelfths of the whole number of votes authorized to be cast by all of the members of such board." (§ B 19–2.0.) " The board of trustees shall retire any member who, upon an examination, as provided in subdivision d of this section, may be found to be disqualified, physically or mentally, for the performance of his duties. Such members so retired shall receive from such pension fund an annual allowance or pension as provided in this section. In every case such board shall determine the circumstances thereof, and such pension or allowance so allowed is to be in lieu of any salary received by such member at the time of his being so retired." (§ B 19–4.0, subd. a.) " All medical examinations required by or made pursuant to the provisions of this article shall be conducted by a medical board appointed by the commissioner, provided, however, that any member, within thirty days after receipt of the decision of such medical board, in writing may request that the decision of such board be reviewed by a special medical board &#42; &#42; &#42; . The decision of such special board shall supersede the decision of the medical board." (§ B 19–4.0, subd. d.)

Pursuant to the provisions of the statute, a medical examination of the respondent Schoeck was held before a medical board of ten doctors appointed by the Fire Commissioner. That board rendered a written report dated April 9, 1943 (three members dissenting) certifying that the majority of the board found Schoeck " to be disqualified, physically, for the performance of his duties in the Uniformed Force; and that said Chief of Battalion Emil Schoeck has a partial permanent disability which, according to the records of the Department — was–was not — caused in or induced by the actual performance of the duties of his position." The majority of the board further certified that its " decision is based upon the following result of our examination of the hereinbefore named Member, to wit: due to Hypertensive Cardio Vascular disease, not caused by or induced in the performance of duty. He is unfit for his normal duties in the Fire Department."

At the request of the respondent Schoeck, made in accordance with the statute, a further medical examination was held before a Special Medical Board, consisting, as provided in the statute, of one doctor of the medical board, a doctor selected and compensated by the respondent Schoeck and a " recognized specialist on the condition, disease or injury * * * for which disability is claimed," selected by the two other members of the Special Medical Board. That board reported on June 5, 1943 (the physician selected and compensated by the respondent dissenting) that the board found the respondent " to be disqualified, physically, for the performance of his duties in the Uniformed Force " and that his condition was " not caused in or induced by the actual performance of the duties of his position," and " that in view of the above stated result of our examination, we recommend that said application for retirement on three quarters pension of Battalion Chief Emil Schoeck be denied."

At a meeting of the board of trustees of the New York Fire Department Pension Fund a motion to grant the application of the respondent Schoeck for disability retirement on three-quarters pay was offered, in spite of the recommendation of the Special Medical Board that the application be denied. The motion was defeated, six votes being cast in favor of the motion and six votes being cast in opposition. At a meeting of the board of trustees held on August 30, 1943, a motion was unanimously adopted requesting that the Medical Board reexamine the respondent Schoeck " to certify the fitness of the respondent Emil Schoeck for duty in the Fire Department." Such an examination was thereafter held and the Medical Board rendered a report dated September 24, 1943, certifying that it found Schoeck " disqualified, physically, for the performance of his duties in the Uniformed Force " and that his disqualification " was not caused in or induced by the actual performance of the duties of his position." At subsequent meetings of the board of trustees, resolutions were offered to retire the respondent Schoeck on one-half pay, and other resolutions were offered intended to effect his retirement at three-quarters pay. All such resolutions were defeated, six votes being cast in each case in favor of the resolution and six votes against the resolution.

There has never been any question that the respondent Schoeck is disqualified for the performance of his duties. Difference of opinion among the members of the Medical Board of the Department and among the members of the Special Medical Board is confined to the question of whether the disability was caused or induced by the actual performance of the duties of his position. He has been on sick leave since December 31, 1942, and has failed, though, concededly, without fault on his part, to perform his duties. The Administrative Code provides that the board of trustees " *shall* retire " any member who upon examination is found to be disqualified for the performance of his duties. The command is peremptory. Determination whether or not a member of the force is disqualified for the performance of his duties is confided by the statute to the medical board or special medical board which makes the examination. The board of trustees must accept the report of the examining board concerning the physical or mental qualifications of the members. No room for the exercise of discretion whether or not to retire the member is left open to the board of trustees. The intent of the statute is plain. A member of the uniformed force of the Fire Department should not receive the salary attached to his position unless he can perform its duties, but must be retired upon the pension provided by law, and whether or not the member is physically or mentally disqualified is a scientific question which must be determined by the experts who examine the member and whose determination in that regard is final.

Nevertheless a finding by the medical board that a member is disqualified for the performance of his duties " does not in itself accomplish retirement, for the statute expressly commands that ' *the board of trustees shall retire* any member ' and retirement by the board like every other action by the board, must be taken by resolution "; and " however peremptory the command may be, we have consistently held that the retirement is not accomplished until the board has acted." (*Matter of Pierne* v. *Valentine,* 291 N. Y. 333, 343.) Here the board of trustees has failed to pass a resolution retiring the respondent Schoeck because seven-twelfths of the members of the board are not able to agree upon the amount of pension to be paid to him upon his retirement though apparently all agree that the board must retire

him. He still remains a member of the uniformed force of the Fire Department.

Pending the adoption of a resolution completing his retirement the Fire Commissioner issued an order " discontinuing payment of any salary to respondent Emil Schoeck but continuing him on sick leave." Schoeck has challenged the validity of that order and the City of New York points to no provision of law which justifies that order; and in *Matter of Mack* v. *Walsh* (294 N. Y. 554) and in *Matter of Kullmann* v. *Walsh* (294 N. Y. 557) decided herewith, we have held that similar orders should be vacated and set aside. The validity of that order is not directly involved in the proceedings now under review which were brought by the City pursuant to article 78 of the Civil Practice Act for an order in the nature of mandamus directing the board of trustees to " retire the respondent Emil Schoeck, a member of the uniformed force of the Fire Department of the City of New York at one-half of his regular annual pay for disability not incurred in the performance of duty, and  *  *  *  for such other and further relief as to the Court may seem just and proper in the premises." At Special Term the application of the City was granted but the Appellate Division unanimously reversed the order of Special Term and directed that Schoeck be reinstated in his position as Battalion Chief and be paid the full salary he was receiving in that position.

Though Schoeck, upon an examination held as provided by the statute, has been found physically disqualified for the performance of his duties as a member of the uniformed force of the Fire Department and the board of trustees have no authority to overrule or disregard that finding but must retire Schoeck upon an annual allowance or pension determined by the board of trustees in accordance with the statute, yet in reaching that determination it is not bound by the finding of the Medical Board or of the Special Medical Board that the disqualification was not caused or induced by the actual performance of his duties. If Schoeck's disqualification was so caused or induced, the board must grant his application for retirement upon an annual allowance of three quarters of his salary. If not so caused or induced he would be entitled only to a lesser allowance. (See § B 19–4.0, subds. a, b.) The function and duty of determining the " circumstances " of the disqualification and of determining the amount of the allowance as provided in that section of the

statute is conferred upon the board of trustees. That includes the determination of whether or not the disqualification was incurred in the performance of the member's duties and there the finding upon the medical examination of the member that the disqualification was not so incurred is advisory only. The board of trustees may in the exercise of a sound discretion accept that finding or may reject it and make a contrary finding. (*Matter of Hickie* v. *Valentine,* 177 Misc. 743, affd. 262 App. Div. 832, leave to appeal denied 287 N. Y. 854.)

The Administrative Code provides that the board of trustees shall consist of twelve members. Three of such members are officers of the City and one " a representative of the mayor * * * appointed by the mayor ". Each of these four members, called for convenience " official " members, casts one and one-half votes. Four of the other eight members of the board are officers of the " uniformed firemen's association of greater New York " and each is entitled to cast one vote, and four of the members are the presidents respectively of the " chief officers' association," of the " captains' association," of the " lieutenants' association " and of the " officers' association " of the Fire Department of the City of New York, and each of these members is entitled to cast one-half vote. (§ B 19–2.0.) Thus the group of " official " members of the board have collectively six votes and the group of members of the board who are officers of associations of department members also have collectively six votes. If each group votes collectively there is a deadlock in the board and no resolution can be passed " by a vote of at least seven-twelfths of the whole number of votes authorized to be cast by all of the members of such board."

That is the situation which is presented upon this appeal. The problem which we must decide now is whether when such a deadlock exists in the matter of fixing the amount of the retirement allowance or pension of a member of the force who must be retired, the court may command the board of trustees to retire such member and may itself determine the amount of the retirement allowance. Where a public officer or board arbitrarily or without legal excuse refuses to perform a duty imposed by statute the court may issue an order in the nature of mandamus to compel the performance of the duty. The statutory command to the board to retire the respondent Schoeck is peremptory and there is no room for the exercise of discretion. There

can be no doubt that the command may be enforced by order of the court, at least unless it is inseparably combined with the command to fix the amount of the retirement allowance.

Since the board of trustees must determine whether his disqualification was caused or induced by Schoeck's actual performance of the duties of his position, and in reaching such determination the board may disregard the finding of the Medical Board, the court cannot direct the board of trustees to accept that finding unless that finding is incontestably correct and there is no room for reasonable difference of opinion. It is plain that in this case there is room for difference of opinion and possibility of a contrary finding is not excluded. Indeed, as we have said, neither the Medical Board nor the Special Medical Board were unanimous. We are agreed too that the court has no power to make its own determination of the " circumstances " of the disqualification where the board of trustees fails to act. True, a court of equity may in proper case and upon equitable principles direct the manner in which trustees shall perform their duties but such equitable principles have no application in a case like this where the pension fund is created by statute and the powers and duties of the board of trustees of the fund are defined and regulated by statute. The statute does not make the board answerable to a court of equity for the manner in which it performs its duties. For these reasons we agree with the Appellate Division that the court cannot direct the board to fix the retirement allowance of the respondent Schoeck at more than one-half of his previous salary or at less than three-quarters of the salary.

It does not follow, however, that the court may not direct the board of trustees to perform its duty to retire the respondent upon the finding of disability as required by statute. That statutory duty is not expressly qualified by any provision of the statute that performance of that duty must be simultaneous with a determination of the retirement allowance to be paid to him. On the contrary, as we have said, the statute provides first that the board of trustees *shall retire* a member who has been found physically or mentally disqualified and then that the member " *so retired* shall receive * * * an annual allowance or pension as provided " by statute. Retirement must precede a right to receive the retirement allowance provided by the statute. That allowance in this case may not be less than one-half of the salary and a member who has been " so retired " is

entitled to at least that amount and may be entitled to more if the board so decides. Failure by the board to agree whether or not he should receive a larger amount does not entitle a member of the department who is found to be disqualified for the performance of his duties to remain a member of the department and receive full pay for the performance of duties which he is unable to perform because of physical or mental disability. In accordance with the letter and spirit of the statute the board of trustees is bound to perform its duty to retire the respondent Schoeck even though it does not perform simultaneously its duty to fix the amount of the retirement allowance. Since there is no room for discretion in the performance of the board's duty to retire the respondent, the court may direct the board to perform that duty and the respondent " so retired " becomes entitled to payment of an annual retirement allowance of at least one half his previous salary. Since the board has power to fix that allowance at three quarters of the previous salary of a member who is so retired and since there is room for the exercise of discretion in the board's determination of the amount of the salary which the member " so retired " shall receive, the court cannot direct the board to determine that amount as the court may think wise. It follows that the order of the Appellate Division should be modified and the matter remitted to Special Term for entry of an order in accordance with this opinion, directing the board of trustees to retire the respondent Schoeck and providing that until the board of trustees shall by resolution " determine the cause " of the respondent's disqualification and fix the amount of the respondent's retirement allowance the respondent shall be entitled to receive payment from the pension fund of an allowance of one half his salary on account of his retirement allowance. If the board of trustees shall thereafter fix the amount of the respondent's allowance at more than one half his salary he shall be entitled to receive the excess from the date of his retirement.

* The orders should be modified and the proceeding remitted to the Special Term for the entry of an order in accordance with this opinion, without costs. [See 294 N. Y. 976.]

LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Ordered accordingly.