■ In the Matter of STANLEY GLAZER, Respondent, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND, ARTICLE II, OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, Appellants.—Order, Supreme Court, New York County, entered December 14, 1977, granting rehearing and, upon rehearing, adhering to the court's earlier determination granting petitioner's application, unanimously modified, on the law, to the extent of vacating the order (denominated order and judgment) entered September 27, 1977 and dismissing the petition, and otherwise affirmed, without costs or disbursements. Justice Presiding Birns grants leave *nunc pro tunc* to take an appeal from the order entered December 14, 1977 (CPLR 5701, subd [b], par 1; and subd [c]; *Matter of Brignoni v New York State Labor Relations Bd.,* 65 AD2d 715). Appeal from the order (denominated order and judgment) of the

Supreme Court, New York County, entered September 27, 1977, granting petitioner's application, unanimously dismissed as academic, without costs or disbursements. Petitioner filed an application for retirement on November 18, 1976, alleging permanent disability incurred while injured on July 14, 1976, in the line of duty. On February 2, 1977, petitioner was examined by the medical board of the police pension fund, which recommended that his application for accident-disability retirement be approved. In a letter dated February 17, 1977, petitioner requested that his application be considered by the trustees at their February 23, 1977 meeting. However, because of the illness of the stenographer involved, the notes of the February 2, 1977 examinations were not transcribed and forwarded for action to the board of trustees until March 7, 1977. During the pendency of this application, petitioner on December 2, 1976 was found guilty of the crimes of bribe-receiving and eavesdropping. He was sentenced to a term of six months' imprisonment on February 28, 1977. The delayed sentencing date had been requested by petitioner. When petitioner's application for retirement came before the trustees on March 7, 1977, they declined to act since petitioner was no longer "in City service" as of February 28, 1977. Petitioner brought this article 78 proceeding, claiming that his application was deliberately withheld from the meeting of the trustees scheduled for February 23, since the board knew that petitioner was being sentenced on February 28. Special Term directed the respondents to consider petitioner's retirement application *nunc pro tunc* as of February 23. We would reverse and dismiss the petition. We note that the applications of others examined on the same day as the petitioner were also processed in March and that, therefore, there was no showing of unnecessary or unwarranted delay in processing petitioner's application. The requirement of retirement for accident disability "forthwith" (Administrative Code of the City of New York, § B18-43.0) has been interpreted to mean no unnecessary or unwarranted delay *(Matter of City of New York v McFeeley,* NYLJ, Aug. 11, 1975, p 9 col 3, affd on opn at Special Term 54 AD2d 535). Therefore, under the circumstances as explained at Special Term, we must conclude that there was no unreasonable delay in processing petitioner's application. Special Term therefore erred in remanding this matter to the board for further proceedings. Concur—Birns, J. P., Fein, Lane and Lynch, JJ.