In the Matter of JOSEPH F. MAHONEY, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York and as Executive Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Appellants.

First Department, March 26, 1985

### APPEARANCES OF COUNSEL

*Fred Kolikoff* of counsel (*Larry A. Sonnenshein* with him on the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for appellants.

*John J. Maguire* of counsel (*Richard Hartman,* attorney), for respondent.

### OPINION OF THE COURT

CARRO, J. P.

The facts are not in dispute. Petitioner joined the New York City Police Department in January of 1973, thereby also becoming a member of the Police Pension Fund. By application dated May 10, 1983, petitioner sought to be retired on accident disability. The Medical Board examined him and, on July 14, 1983, recommended approval of his application. Petitioner's application was scheduled to be considered by the Trustees at the September 21, 1983 meeting. However, on September 19, as a

result of an investigation by the Police Department's Internal Affairs Division, the Commissioner suspended petitioner without pay, pending trial upon charges of insurance fraud. Those charges, preferred the following day, specified that petitioner: (1) conspired with others to defraud insurance companies by filing false accident insurance claims, and (2) in fact, filed false vehicle accident reports.

Hence, at the meeting of the Pension Fund Board of Trustees, a request was made by the Mayor's representative to "table" the application for one month. Any member of the Board may make such a request without stating a reason, and as a matter of course, such requests are routinely granted. In fact, six other applications were "tabled" that day. This one was not. Instead, there was heated discussion over the propriety of the Board's deferring action just to accommodate a departmental investigation. Finally, a vote was taken: the Union Trustees cast six votes for retiring respondent on an accident disability pension and the city Trustees cast six abstentions. A vote was then called on retiring petitioner on an ordinary (nonaccident) disability pension, with the same results: six in favor, six abstentions. Since, in order to act, the Board must pass a resolution by seven votes (Administrative Code of City of New York § B18-13.0 [b]), both roll-call votes constituted "no-action" upon petitioner's application. At this point the Trustees debated the legal effect of their votes, finally adjourning in anticipation of receiving an opinion from counsel at the next month's meeting, set for October 6, 1983.

In the interim, petitioner was questioned on the charges and notified that his departmental trial was scheduled for October 3. He failed to appear, however, reporting that he had injured his back in a fall. This was verified and a new trial date set for October 8, 1983. On October 6, the Trustees again met and were again deadlocked. The Police Commissioner's delegate, in response to the protests of the Union Trustees, reaffirmed that the basis for the abstentions was the serious departmental charges pending against petitioner involving dereliction while on duty. The Deputy Commissioner made clear that the abstentions were not negative, judgmental assessments, but merely cautionary prudence. The Union Trustees then made clear that they were not defending police officers who had committed improprieties, but, rather, that they viewed their jurisdiction as limited to medical matters and that the Board should not become involved in disciplinary matters that were unresolved. A roll-call vote on petitioner's application for accident disability was then taken, producing the same split of six affirmatives and six abstentions.

At this point the meeting dissolved, with no other action taken. At the November meeting the Union Trustees continued their protest, with no business being conducted. Finally, on December 1, 1983, a compromise was agreed to whereby the petitioner was removed from full suspension and the disciplinary proceeding adjourned pending the outcome of this lawsuit.

Petitioner's CPLR article 78 proceeding seeks to stay the departmental disciplinary proceeding and require the Board of Trustees to retire him "forthwith". Indeed, it is petitioner's position that the Court of Appeals decision in *Matter of City of New York v Schoeck* (294 NY 559) equates the 6 to 6 vote on his accident disability application to a de facto affirmative vote to retire him on an ordinary (nonaccident) disability pension.

Administrative Code § B18-43.0 provides that when a police officer is incapacitated as a result of an accidental injury received while in city service, "such board shall retire such member for accident disability forthwith." In *Schoeck* (*supra*), the Court of Appeals was faced with a similar provision, different only by the addition here of the word "forthwith". And, like the situation at bar, the *Schoeck* board was evenly divided, with six votes for accident disability and six negative votes. When that board voted on an ordinary disability pension, the situation became reversed: six votes were cast against such retirement status while the other six votes were affirmative. However, unlike today's situation, Schoeck was not the subject of disciplinary action.

Although not addressing the question directly, the decision and judgment of the court below implicitly rejected petitioner's contention that the six abstaining votes constitute negative ballots to the effect of retiring him on ordinary disability *a la* the *Schoeck* decision. We agree. However, we cannot concur in Special Term's conclusion that the Board is bound to proceed and vote yea or nay irrespective of the pending disciplinary charges. The case relied upon below (*Edwards v Codd,* 59 AD2d 148) merely found a question of fact as to whether the probation officer had been terminated in good faith, or in an attempt to preclude his receiving a pension. (*Compare, Connors v Bowles,* 63 AD2d 956.)

We find the situation here to be controlled by *Matter of Pierne v Valentine* (291 NY 333). In his opinion, Chief Judge Lehman quoted from *People ex rel. Brady v Martin* (145 NY 253, 260): " '[W]here grave charges of misconduct have been preferred immediately after the application for retirement has been made, and before it has been acted upon by the board, we think the

board has the right, before proceeding to act upon the application, to investigate such charges'" (291 NY, at p 342). The "forthwith" language in the statute before us does not compel a different result. The Board has the sole responsibility of determining if, and how much of, a pension shall be granted. (*Matter of Bennett v Board of Trustees,* 20 AD2d 522, *affd* 16 NY2d 562.) The "due exercise by respondent Board of Trustees of their discretion in acting upon such application" (*Matter of Conlon v Murphy,* 24 AD2d 737), should not be interfered with unless it can be shown to be arbitrary and capricious, or an abuse of discretion. (*Matter of Pell v Board of Educ.,* 34 NY2d 222.) The word "forthwith" does not limit this discretion, but merely means "no unnecessary or *unwarranted* delay". (*Matter of Glazer v Board of Trustees,* 66 AD2d 759, 760, *affd* 48 NY2d 790; emphasis supplied.)

As the Court of Appeals observed in *Matter of Pell* (*supra*), "Pensions are not only compensation for services rendered * * * they serve also as a reward for faithfulness to duty and honesty of performance" (34 NY2d, at p 238). It is the public policy of this State not to pension employees who have betrayed the faith reposed in them by virtue of their position. (*Cf. Matter of Gunning v Codd,* 49 NY2d 495, 500 [to hold otherwise is to "unconscionably reward those who, despite having breached the public trust, may purposefully * * * thwart public policy"]; *see also, Matter of Eberle v LaGuardia,* 285 NY 247, 251.)

Hence, we hold that the Board was justified, if not obligated, to defer action upon petitioner's application pending resolution of these most serious charges formally leveled against him. As guardians of a public trust, their fiduciary duty is greater than just the verification of medical diagnoses and the ministerial approval of applications. Of course, this is not to say that the independence of the Board can be hostaged by inordinate and unreasonable delay on the part of the Police Commissioner in adjudicating charges. But that is not the situation before us here and the abstention votes, so as to adjourn consideration of petitioner's application, were certainly "warranted" by the situation.

Accordingly, the order and judgment (one paper) entered November 29, 1983 in Supreme Court, New York County (Alan Saks, J.), granting the CPLR article 78 petition to the extent of directing the Board of Trustees to vote upon petitioner's retirement application, should be reversed, on the law, and the petition denied and dismissed, without costs.

FEIN, J. (dissenting). I would affirm for the reasons stated by Justice Alan Saks at Special Term.

The discussion in the majority opinion appears to be concerned with how the Board of Trustees will vote and not with its obligation to vote. Hence, its reliance upon *Matter of Pierne v Valentine* (291 NY 333) is misplaced. As the Court of Appeals pointed out, the issue in that case was whether the Police Commissioner could be prohibited from going forward with disciplinary proceedings against the affected officers while their applications for retirement were pending.

That issue is not here. The judgment appealed from denies petitioners' application to stay police department disciplinary proceedings. There is no appeal from that part of the judgment. Moreover, as Special Term pointed out, *Pierne (supra)* was decided under Administrative Code of the City of New York, chapter 18, title B, article 1, which contained no "forthwith" provision, whereas the present applicable provision requires the Board to act "forthwith" (Administrative Code § B18-43.0).

The Board has put the matter over on at least two occasions. This is hardly compatible with "forthwith". The delay involved in *Matter of Glazer v Board of Trustees* (66 AD2d 759, *affd* 48 NY2d 790) related to failure to obtain medical records, not to a refusal to vote.

The point is made in *People ex rel. Brady v Martin* (145 NY 253), relied upon by the majority. In that case, the court said (at p 258): "The act does not assume to dictate to the members how they shall vote upon the resolution. It does require for its adoption a majority vote of all the board."

The court continued (at p 259): "The court has no power under this statute to direct that all the members shall vote for it; * * * And how can it be said that any one has violated the statute or the order of the court when he has but exercised his discretion and judgment and refused to vote for the adoption of the resolution? * * * The board has been invested with authority to retire the applicant by a majority vote of the full board, but as no direction has been given requiring the members to vote for the adoption of the resolution, it follows that they must be at liberty to vote in favor of or against such application." The order appealed from does not direct how the members of the Board shall vote; it merely directs them to vote.

Apparently the majority is concerned that a 6 to 6 vote which might result if the city's Trustees vote against the resolution would require the same result as in *Matter of City of New York v*

*Schoeck* (294 NY 559). There is no reason to fear that consequence, and in any event it is premature. In *Schoeck,* the sole issue was whether the petitioner was entitled to ordinary disability retirement or to accident disability retirement, turning upon whether the conceded disqualification of the fireman to perform his duty was a consequence of a line-of-duty accident or occasioned in some other manner. That issue is not now here.

There will be time enough to consider this question if the Board is evenly split on remand. All that is now required is to vote.

Asch and Milonas, JJ., concur with Carro, J. P.; Fein, J., dissents in an opinion.

Order and judgment (one paper), Supreme Court, New York County, entered on November 29, 1983, reversed, on the law, and the petition is denied and dismissed, without costs and without disbursements.