■ In the Matter of THOMAS McMANUS, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered June 20, 1991, which denied petitioner's application pursuant to CPLR article 78 to annul respondent New York City Employees' Retirement System's determination denying his application for accident disability retirement and finding that it was without authority to act on his application for ordinary disability retirement, unanimously affirmed, without costs.

Petitioner failed to sustain his burden of establishing that his disability is causally connected to a line-of-duty injury, there being no evidence that the person he arrested was infected with hepatitis B or that his abraded knees came in contact with the arrestee's bleeding mouth. Nor is there any indication of "unnecessary or unwarranted delay" in the processing of petitioner's application for ordinary disability, prior to the termination of his employment for cause (Matter of Glazer v Board of Trustees, 66 AD2d 759, 760, affd 48 NY2d 790). In any event, the Board of Trustees "was justified, if not obligated, to defer action upon petitioner's application pending resolution of [the] charges formally leveled against him." (Matter of Mahoney v McGuire, 107 AD2d 363, 366, affd 66 NY2d 622.) We have reviewed petitioner's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.