*1023 OPINION OF THE COURT
Ira B. Harkavy, J.
Petitioner Andrew Benson was a firefighter employed by the Fire Department of the City of New York until his retirement on July 24, 2006. Petitioners Stephen J. Cassidy, Peter Gorman, James M. Slevin, John G. Kelly, Jr., Robert Straub, Nicholas Visconti, Stephen J. Carbone and Joseph Gagliardi are all trustees of the New York City Fire Department Pension Fund (the Pension Fund).
Respondent Nicholas Scoppetta (Commissioner Scoppetta) is the Commissioner of the Fire Department of the City of New York. Respondent Mylan Denerstein (Deputy Denerstein) is the Deputy Fire Commissioner for Legal Affairs of the Fire Department of the City of New York. Deputy Denerstein sits, on behalf of Commissioner Scoppetta, as the chairperson of the Board of Trustees of the New York City Fire Department Pension Fund (the Pension Board).
On or about April 26, 2003 and February 16, 2005, petitioner Benson suffered injuries to his left knee while working in the line of duty as a New York City firefighter. As a result of those injuries, Benson was placed on medical leave by the Bureau of Health Service of the Fire Department of the City of New York. He was ultimately unable to return to full duty status as a New York City firefighter. Benson subsequently applied to the Pension Board for an accidental disability pension.
The New York City Fire Department Pension Fund Board of Trustees was established pursuant to section 13-316 of the Administrative Code of the City of New York. It is designated as the head of the New York City Fire Department Pension Fund. Section 13-316 also sets forth the composition of the Board and the voting powers of each trustee. The statutory scheme provides that the representatives of the City, i.e., the Mayor, the Fire Commissioner, the Commissioner of Finance and the Comptroller, shall each have three votes, for a total of 12. The statute further provides that the union side of the Board of Trustees, made up of the Uniformed Firefighters Association, the Uniformed Fire Officers Association and the Uniformed Pilots and Marine Engineers Association, shall also have a total of 12 votes. Petitioners Cassidy, Gorman, Slevin, Kelly, Straub, Visconti, Carbone and Gagliardi are all trustees on the union side of the Pension Board.
Section 13-316 (b) of the Administrative Code further states that the Board shall act by resolution “which shall be adopted *1024 only by a vote of at least seven-twelfths of the whole number of votes authorized to be cast.” Thus, the statutory scheme provides that no resolution can be adopted by the Board of Trustees unless a majority of the votes are cast in favor of any resolution. A tie vote means a resolution is defeated. Individual trustees cannot act independently of the Pension Board itself, and decisions on retirement are to be made by the vote of the Pension Board as a whole.
Administrative Code § 13-316 (c) provides that “[t]he fire commissioner shall assign to the board of trustees a sufficient number of clerical and other assistants to permit the board efficiently to exercise their powers and to perform their duties.”
Pursuant to his application, Benson was examined by the Medical Board of the New York City Fire Department Pension Fund and was found to be permanently disabled from firefighting duties. Benson’s application for a line-of-duty accidental disability pension was placed upon the calendar for the Pension Board’s meeting of July 24, 2006, as case No. 3. Benson’s application was placed on the calendar, as required by law, for a vote of the trustees on whether the application for the disability pension should be granted. In accordance with the regular practice of the Pension Fund, lists of the applicants for line-of-duty accidental disability pensions and applicants for ordinary disability pensions which were to be considered at the July 24, 2006 meeting, and related materials, were distributed to each trustee by messenger five to seven days prior to the meeting.
At the time the calendar for the July 24, 2006 meeting was prepared, Benson was facing disciplinary charges brought against him by the Fire Department and was engaged in a trial at the Office of Administrative Trials and Hearings of the City of New York. The respondents in this action were represented at that hearing by attorneys employed by the Fire Department.
On July 24, 2006, with full knowledge of the ongoing disciplinary proceedings against Benson, the Pension Board voted unanimously to retire Benson effective immediately. The minutes of the July 24, 2006 meeting show that petitioner Slevin made a motion to retire cases “1 to 19, 21 to 42, 44 through 49 and 51 and 53 to 56 for accidental disability,” and that the motion was seconded and approved unanimously. Respondent Denerstein then noted that “the motion carries and those members are retired on accident disability.”
On July 25, 2006, without any further action by the Pension Board, an employee of the respondents, Joseph Tripptree, *1025 informed Benson by telephone that he was not retired because his case had been scheduled the day before in error.
On September 13, 2006, Commissioner Scoppetta issued an order terminating Benson as a member of the New York City Fire Department, effective as of the next day.
On September 29, 2006, a majority of the Pension Board passed a resolution ratifying the retirement of Benson as of July 24, 2006. The union trustees cast their 12 votes in favor of the resolution and were joined by the Comptroller’s representative, who cast his three votes in favor of the resolution.
Benson did not receive any pension benefits subsequent to the votes of the Pension Board on July 24 and September 29, 2006. On October 24, 2006, petitioners and trustees, Cassidy and Gorman, representing Benson, wrote a letter to the Office of the Assistant Corporation Counsel, Pension Division, as counsel to the Pension Board pursuant to section 394 of the New York City Charter. Cassidy and Gorman demanded that the office take immediate steps to ensure compliance with the votes of the Pension Board so that Benson could commence receipt of pension benefits. The Office of the Corporation Counsel declined to assist in ensuring that Benson received his pension benefits. By a letter dated November 13, 2006, Corporation Counsel stated that they agreed with the determination of Deputy Denerstein that Benson was not retired at the July 24, 2006 meeting.
On November 22, 2006, petitioner Benson commenced this action by the filing of a verified petition for judgment pursuant to article 78 of the Civil Practice Law and Rules. On November 23, 2006, petitioners Cassidy, Gorman, Slevin, Kelly, Straub, Visconti, Carbone and Gagliardi, individually and as trustees of the Pension Fund, filed a verified petition for judgment pursuant to article 78 of the Civil Practice Law and Rules under index No. 358900/06. Respondents Commissioner Scoppetta, Deputy Denerstein, and the City of New York served a verified answer on or about January 19, 2007. In their answers, respondents assert that there was a revised calendar for the July 24, 2006 meeting which omitted the Benson case, and that Benson was thus not one of the firefighters retired at the July 24, 2006 meeting.
Both matters were consolidated under index No. 35845/06, by an order of this court dated February 28, 2007.
The Court of Appeals has held that an article 78 proceeding is appropriate where a petitioner seeks to compel the “perfor *1026 manee of a purely ministerial act where there is a clear legal right to the relief sought” (Matter of Harper v Angiolillo, 89 NY2d 761, 765 [1997], quoting Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16 [1981]). The remedy of mandamus “depends ‘not on the [petitioners’] substantive entitlement to prevail, but on the nature of the duty sought to be commanded — i.e., mandatory, nondiscretionary action’ ” (Matter of Brusco v Braun, 84 NY2d 674, 679 [1994], quoting Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88, 97 [1981]). In this case, petitioners are asking the court to require the respondents to perform the ministerial, nondiscretionary function of effectuating the Pension Board’s lawful decision to retire petitioner Benson. It is the Pension Board, and the Pension Board only, which possesses the authority to grant or deny a firefighter’s application for a disability pension. The City, its employees or any individual Pension Board member does not possess the authority to effectively veto a determination by the Pension Board.
Based upon the affidavit of petitioner and Trustee Gorman, and a review of the minutes of the September 29, 2006 Pension Board meeting, it does not appear that any of the Pension Board members received the revised list which marked Benson’s case as scheduled in error. In his affidavit, petitioner Gorman further avers that he and a majority of the trustees were aware of the disciplinary charges pending against Benson and intended to retire him regardless. Nothing in the record indicates that any trustee received a revised list, and respondents did not submit a sworn affidavit from any trustee acknowledging that they received or voted on a revised list.
Respondents submit an affidavit of Lei Tian, who is the director of operation for the Pension Fund and not a trustee. Ms. Tian’s affidavit states that she directed a staff employee, Joseph Tripptree, to revise the list to omit Benson’s name, that she observed Tripptree with boxes containing the revised list and handouts at her office on July 24, 2006, and that she observed Tripptree distributing the handouts to the Board members on July 24, 2006. She also avers that, although Tripptree was the employee who subsequently called Benson on July 25, 2006, that she did not direct Tripptree to make such a call. Respondents do not submit an affidavit from Joseph Tripptree.
At the September 29, 2006 Pension Board meeting, a motion was made to ratify the retirement of Benson. The motion passed by a majority vote. The resolution stated, inter alia, that the list *1027 of cases for the July 24, 2006 meeting included the Benson application for accidental disability retirement; that no objection was made to having the Benson application on the list; and that the application was granted. The resolution also recognized that the Fire Department of the City of New York had refused to process the retirement of Benson. It provided that the motion was made to ratify the retirement of Benson, and it directed that his retirement be made effective, and his accidental disability retirement benefits be paid as of July 24, 2006.
Administrative Code § 13-316 provides that the Board of Trustees shall be the head of the New York Fire Department Pension Fund, and that the Board shall make all determinations regarding the retirement of members of the Fire Department Pension Fund. Section 13-316 (b) provides that the Board shall act by resolution “which shall be adopted by a vote of at least seven-twelfths” of the number of votes authorized to be cast. Moreover, Administrative Code § 13-389 authorizes the Board to direct the distribution of retirement funds. It states that the Comptroller is the custodian of such funds subject to the “direction, control and approval of such board as to disposition, investment, management and report,” and that “[a]ll payments from such fund shall be made . . . upon a voucher signed by the secretary of the board.”
The Board of Trustees holds the exclusive authority to determine whether or not to retire members of the Fire Department (Matter of City of New York v Schoeck, 294 NY 559 [1945]; Matter of Mahoney v McGuire, 107 AD2d 363 [1985], affd 66 NY2d 622 [1985]). In Mahoney, the Court addressed a situation where the Board was deadlocked, by a six to six vote, on the retirement application of a police officer with pending disciplinary charges. The police officer brought an article 78 petition to compel the Board of Trustees to retire him. The Court refused to order the Board of Trustees to retire the police officer. The Court reasoned that the Board has the authority to hold an application in abeyance while disciplinary charges are pending, and confirmed that “[t]he Board has the sole responsibility of determining if, and how much of, a pension shall be granted” (Mahoney, 107 AD2d at 366).
In the instant case, the Board declined to hold its vote on Benson’s application in abeyance while disciplinary charges were pending. It exercised its authority to grant his application despite the disciplinary charges. The Board exercised this discretion first when it voted to retire Benson on July 24, 2006, and *1028 again on September 29, 2006, when a majority of its members passed a resolution ratifying its July 24, 2006 resolution.
The Board’s two resolutions on July 24, 2006 and September 29, 2006 constitute its full consideration and the exercise of its “sole responsibility of determining if, and how much of, a pension shall be granted” (Mahoney, 107 AD2d at 366). The Board’s resolution of September 29, 2006 was unequivocal in its direction that all necessary measures be taken to make Benson’s retirement effective and to pay all accidental disability retirement benefits. Moreover, the resolution of September 29, 2006 resolves any doubts as to the will of a majority of the Board in regard to Benson’s application.
Furthermore, as evidenced by the Board’s resolution of September 29, 2006, the usual practice for delaying the vote on a member’s retirement application is to have such a request raised verbally on the record by a Board member. At the July 24, 2006 meeting, Deputy Denerstein stated that case number 20 was being placed on “hold,” case number 50 was being placed on “hold,” and case number 52 was being placed on a second call. When the Board then voted to retire cases numbered 1 to 19, 21 to 42, 44 to 49, 51 and 53 to 56 for accidental disability on July 24, 2006, cases numbered 20, 50 and 52 were excluded from the resolution. In accordance with its statutory authority, the Board collectively held its vote on those applications in abeyance. Although the Board could have postponed action on Benson’s application, the evidence is clear that they did not.
In regard to the application of petitioners for attorney’s fees, the court finds that petitioners are entitled to attorney’s fees in this action.
“Notwithstanding lack of specific statutory authority, a municipal board or officer possesses implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its or his official duties where the municipal attorney refused to act, or was incapable of, or was disqualified from, acting” (Cahn v Town of Huntington, 29 NY2d 451, 455 [1972]).
Petitioners brought the instant action as trustees of the Pension Board, there is some evidence that the Office of the Corporation Counsel for the City of New York declined to act on behalf of the petitioners, and the instant action is necessary for the Pension Board “to effect the purposes of its creation and to allow it *1029 to properly function” (Cahn, 29 NY2d at 455; accord Matter of Hill v County of Sullivan, 14 AD3d 744 [2005]).
Respondents’ reliance on Caruso v New York City Police Dept. Pension Funds, Arts. 1 & 2 (72 NY2d 568 [1988]) to the contrary is misplaced. Caruso concerned a dispute between individual trustees as to the construction of a statute and not a “dispute about [petitioners’] own legitimate authority” (Caruso, 72 NY2d at 578). The instant action, by comparison, concerns the Pension Board’s ability to act pursuant to its statutory authority. Accordingly, it is ordered that the petition of Andrew Benson for a judgment, pursuant to CPLR article 78, directing respondents the City of New York, Nicholas Scoppetta and Mylan Denerstein to recognize and implement the retirement of petitioner Benson on a line-of-duty accidental disability pension effective July 24, 2006, and to commence payment of said benefits effective July 24, 2006, is hereby granted; and it is further ordered that the petition of Stephen J. Cassidy, Peter Gorman, James M. Slevin, John G. Kelly, Jr., Robert Straub, Nicholas Visconti, Stephen J. Carbone and Joseph Gagliardi, individually and as trustees of the New York City Fire Department Pension Fund, for a judgment, pursuant to CPLR article 78, directing respondents City of New York, Nicholas Scoppetta and Mylan Denerstein to recognize and implement the retirement of petitioner Benson on a line-of-duty accidental disability pension effective July 24, 2006, and to commence payment of said benefits effective July 24, 2006, and for fees, costs and expenses, is hereby granted.