In the Matter of SAM BRETT, Respondent, v CHARLES SAMOWITZ, Appellant.—In this article 78 proceeding in which respondent-appellant commissioner appeals to this court from an order denominated a judgment

of the Supreme Court, New York County, entered October 14, 1977, which granted the application of petitioner-respondent to annul his dismissal, directed his reinstatement to his position *nunc pro tunc* to the date of his dismissal with back pay, and directed a hearing *de novo* on the disciplinary charges against him, we unanimously modify, on the law, to delete the direction for reinstatement and for back pay, and otherwise affirm, without costs and without disbursements. Leave to appeal has been granted *nunc pro tunc* by one of the Justices of this court. (CPLR 5701, subd [b], par 1; subd [c]; see *Brignoni v New York State Labor Relations Bd.,* 65 AD2d 715; *Matter of Glazer v Board of Trustees of Police Pension Fund, Art. II, of Police Dept. of City of N. Y.,* 66 AD2d 759.) The petitioner-respondent until his suspension was a civil engineer in the New York City Department of Public Works and its successor agency, the Department of Water Resources of the Environmental Protection Administration. He pleaded guilty to an indictment in the United States Court for the Eastern District of New York for violation of title 18 (§ 1951, subd [b], par [3]) of the United States Code and was sentenced to one year in prison, with actual service of one month followed by two years probation and $1,000 fine. He was brought up on departmental charges, and after the conviction the charges were amended to include the felony conviction. There were various adjournments of the hearing, and in November of 1976 the petitioner applied for retirement, to take effect 30 days after the date of filing. A hearing was scheduled, but due to the illness of the hearing officer, there was another adjournment. On November 23, 1976, the petitioner was notified that a hearing would be held on December 1, and that no adjournments would be granted, and that if the petitioner failed to appear, the hearing would proceed without him. On the return day, counsel for the petitioner appeared and informed the hearing officer that the petitioner was in the hospital having undergone a hernia operation. A further adjournment was denied. Inasmuch as the hearing was required within 30 days of the filing of the application for retirement in order for the department to have jurisdiction, the adjournment was refused. A claim was made that the petitioner was denied administrative due process because the adjournment was refused, and due to the operation he could not be present at the designated hearing date. It would have been possible to grant a short adjournment and still complete the matter within the 30-day period. Accordingly, we affirm that portion of the determination at Special Term which provides for such a hearing in order for the petitioner to offer evidence in explanation or rebuttal. (See *Matter of Coates,* 9 NY2d 242, 249.) However, a posttermination administrative hearing can suffice *(Arnett v Kennedy,* 416 US 134, 157), and pending such a hearing and a new determination, if any, the determination of the department should remain in effect. It may be that the section 30 (subd 1, par e) of the Public Officers Law may apply and that upon the petitioner's conviction his office became vacant. (See *Matter of Glazer v Board of Trustees of Police Pension Fund, Art II, of Police Dept. of City of N. Y.,* 66 AD2d 759; cf. *Matter of Gunning v Codd,* 65 AD2d 415.) However, the respondent-appellant does not press the point, which would require an interpretation of section 2 of the Public Officers Law as to whether a civil engineer is so covered. Therefore, we do not pass upon it. Concur—Kupferman, J. P., Birns, Fein, Lane and Sandler, JJ.