OPINION OF THE COURT

Per Curiam.

Order entered June 27, 1983 affirmed, with $10 costs.
Landlord commenced this holdover proceeding on or about May 11, 1983, seeking possession of tenant’s stabilized apartment for the use of her son, pursuant to subdivision B of section 54 of the Code of the Rent Stabilization Association of New York City, Inc. Tenant’s last lease expired April 30, 1983 and, it is undisputed, no offer to renew tenant’s lease term was ever tendered by landlord.
Before answering, tenant moved to dismiss the petition for lack of subject matter jurisdiction (CPLR 3211, subd [a], par 2) and for failure to state a cause of action (CPLR 3211, subd [a], par 7). Tenant’s motion was premised upon the argument that the statutory authority for subdivision B of section 54 “no longer existed”, having been eliminated by *935 chapter 555 of the Laws of 1982 (eff July 20, 1982).[1] By order dated and filed June 27, 1983, Civil Court dismissed the petition, upon the grounds urged by tenant. This was correct (see Kamm v Drake, 117 Misc 2d 658).
Subsequent to the decision below, the Legislature enacted section 50 of the Omnibus Housing Act (OHA; L 1983, ch 403), once again permitting a landlord to recover possession of a stabilized apartment for his personal use or the personal use of a member of his immediate family.[2] Landlord argues that section 50 of the OHA should be given retroactive effect, so as to eliminate the gap in coverage created by chapter 555 of the Laws of 1982. We do not agree.
When the Legislature enacted section 50 of the OHA, it was presumably aware of the litigation position taken by many landlords that the 1982 revocation of subdivision B of section 54 of the Code was not intended, but the product of an unwitting oversight in legislative drafting. Under the circumstances, it must be assumed that had the Legislature intended section 50 to apply retroactively, it would have been particularly careful to include a specific provision to that effect, as it did, for example, in section 37 of the OHA, giving retroactive force to the revised subletting and assignment provision of new section 226-b of the Real Property Law (“The provisions of this section * * * shall apply to all actions and proceedings pending on the effective date of this section”). Instead, the lawmakers provided in respect to section 50 only that it take effect “immediately”, i.e., June 30, 1983 (OHA, § 64), a direction which strongly militates against a finding of retroactive intent (McKinney’s Cons Laws of NY, Book 1, Statutes, § 51, subd b). Nor is there any indication in the legislative history (see Governor’s Memorandum, NY Legis Ann, 1983, p 178) *936 of an intent on the part of the Legislature to have the statute operate retrospectively. Nonprocedural statutes will not be interpreted as retroactive unless the Legislature clearly intends such interpretation, and where the effect of a statute is to create — or, better here, to recreate — a right of action, it is presumed that the statute was intended to have only prospective application (McKinney’s Cons Laws of NY, Book 1, Statutes, § 53).
We must also be mindful of the fact that the restoral of the personal use exception to the renewal lease requirement was accomplished not through an isolated piece of legislation, but as part of the OHA, a comprehensive statutory package addressing a wide array of housing problems in this State. The statute, in its final form, was by necessity “the result of compromise, the resultant of many considerations and forces.” (Shapiro v Dwelling Managers, 92 AD2d 52, 57 [Silverman, J., concurring].) Undoubtedly, there were trade-offs and concessions by the competing interests representing landlords and tenants on the numerous housing issues on the legislative agenda. As part of the ultimate compromise, the Legislature chose to simply reinstate a landlord’s right to secure evictions for personal use, but not to reinstate that right retroactively.
Accordingly, we affirm the dismissal of the instant proceeding, the petition having been brought — and tenant’s right to a renewal lease under section 60 of the Rent Stabilization Code having accrued — prior to the effective date of section 50 of the OHA on June 30, 1983 and after the July, 1982 repeal of the statutory basis for subdivision B of section 54 of the Code.

. Chapter 555, in adding new paragraph (9) and repealing former paragraph (9) of subdivision c of section YY51-6.0 of the Administrative Code of the City of New York, failed to carry forward the prior provisions delegating authority to the appropriate housing agency to approve “specified grounds” for nonrenewal of leases, promulgated by the Rent Stabilization Association and set forth in its Code (Code of the Rent Stabilization Association of New York City, Inc.), under which authority subdivision B of section 54 was originally put into law.

. The owner occupancy provisions of section 50 of the Omnibus Housing Act (L 1983, ch 403) depart somewhat from those formerly embodied in subdivision B of section 54 of the Code of the Rent Stabilization Association of New York City, Inc., the principal change being the added protections afforded to elderly and handicapped tenants.