OPINION OF THE COURT
David B. Saxe, J.
I hold that the right of New York City employees to receive, upon retirement, payment of a lump sum for their unused leave is not absolute. It is contingent upon faithful service *390 without fault or misconduct, even when the applicable municipal regulations in effect at the time of the employee’s retirement temporarily failed to include any such explicit condition. The condition that such payment may be made only where the employee’s termination was without fault or misconduct must be implied in light of preceding and subsequent regulations, and in view of the public interest.
The plaintiff was the Commissioner of the New York City Department of Transportation from January 1, 1978 to March 1, 1986, when his retirement became effective. At some point after he left his position, he requested payment for accrued unused annual leave. The right of a city managerial employee to such payment is governed by Personnel Orders promulgated by the Mayor pursuant to authority granted him by General Municipal Law § 92. Prior to plaintiff’s tenure, Personnel Order No. 16/74 had been in effect. Section 4 of that order provided that: "Employees and officials with less than 10 years of service on final separation without fault or delinquency on their part, may be granted a lump-sum payment in lieu of terminal leave” (emphasis added). Personnel Orders Nos. 78/9 and 86/2, effective during plaintiff’s tenure, omitted the phrase regarding fault and delinquency. Sections 5.0 and 7.0 of these orders, respectively, provided: "Upon termination or separation from employment, an employee covered by these regulations shall be paid a lump sum for unused accrued annual leave.”
During the plaintiff’s tenure he was investigated by the Martin Commission regarding allegations of impropriety in his private investments. The Commission found that while the plaintiff was the Commissioner of the Department that regulated parking lot locations he had invested in a corporation that sold a piece of Manhattan property on which the parking lot was located, which action could have affected the profitability of the parking lot on that property.
After the plaintiff declared his intention to retire, it was discovered that he had failed to disclose substantial additional investment in a company which owned property in New Jersey. The plaintiff was subsequently indicted by a Grand Jury on three counts of perjury in the first degree, based in part on his failure to disclose this latter investment. After a trial the plaintiff was found guilty on the latter two counts and was convicted. Appeal of that conviction was pending at the time these motions were made.
*391 On October 30, 1986, approximately eight months after the plaintiff left his position, Personnel Order No. 86/14 took effect. This order amended section 7.0 of Order 86/2 regarding lump-sum payment on separation. The new sections added detailed conditions for eligibility for such payment. The payment would be made: "provided such employee has not * * * engaged in misconduct which would have warranted his or her dismissal * * *. Under no circumstances shall a lump sum payment be made if the employee is under State or Federal indictment for criminal charges relating to his or her City employment. Upon conviction, the agency head * * * shall make a determination whether the conviction was based upon misconduct that would have warranted the employee’s dismissal.” (§ 7.0 [a].)
The extensive amendment and expansion of old section 7.0 was the result of the discovery that Order No. 78/9 omitted the "fault or delinquency” provision. It appears that the City Personnel Director’s staff concluded that the omission was inadvertent, and that the order should be amended to include the provision. However, the amendment was not promulgated until October 30, 1986, by which time Order 86/2 had also been issued without the provision.
In July 1987 the plaintiff was convicted of perjury. Somewhat after the fact, in September 1987, the city requested that the plaintiff sign two affidavits required under Order 86/14, certifying: (1) that the plaintiff was not under pending indictment or investigation for charges relating to misconduct while in office; and (2) that the plaintiff would return any payment if convicted of a crime relating to the performance of his city duties.
The plaintiff claims that his right to the payment was vested, and that by requiring the certification the city is depriving him of his property without due process of law. The plaintiff seeks a declaratory judgment that: (1) Order 86/14 violates his right to due process under the Fourteenth Amendment of the US Constitution; (2) Order 86/14 violates the Contract Clause in article I, § 10 of the US Constitution; and (3) he is entitled to a judgment in the amount of $87,354.71 as his lump-sum payment, with attorney’s fees, interest, costs and disbursements.
The question I must decide is whether the plaintiff can be bound by an amendment which took effect after he left office, though in response to an omission recognized during the *392 plaintiffs tenure. The city’s argument to the contrary, it appears that the city’s denial of the payment to the plaintiff was based upon the standards of Order 86/14. In a memo to the Mayor, the Counsel to the Mayor expressly stated that "pursuant to Personnel Order 86/14 * * * [plaintiff] * * * is not eligible for the lump sum equivalent of his unused annual leave.” Various terms of that order are also referred to in explaining how this determination was reached. Thus, the city has applied 86/14 retroactively.
It is a primary rule of statutory construction that a statute is to be construed as prospective unless its language, expressly or by necessary implication, requires that it be given a retroactive construction (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b]).* There is no express language in Order 86/ 14 requiring that it be applied retroactively. The order states that it is "effective this date.” A statute which is to take effect immediately is not to be applied retroactively (McKinney’s Cons Laws of NY, Book 1, Statutes § 51; M & G Stromer v Granata, 124 Misc 2d 934 [App Term, 1st Dept 1984]). Nor is there any necessary implication in the order that it be retroactively applied. An amendment to a statute will be given retroactive effect only if the statute clearly indicated by its terms (McKinney’s Cons Laws of NY, Book 1, Statutes § 52; Matter of Thomas v Bethlehem Steel Corp., 63 NY2d 150, 154 [1984]). Since Order 86/14 does not clearly indicate that it is to be applied retroactively, this court will not do so.
Therefore, the plaintiff’s right, if any, to a lump-sum payment for unused annual leave is governed by Order 86/2, in effect at the time he left his position. Although 86/2 had no conditions for this payment, there are two rules of statutory construction which support the implication of at least the original "fault or delinquency” provision in the order. Where legislative intent is clear, statutory omissions can be considered inadvertent and may be supplied by courts to avoid inconsistency (McKinney’s Cons Laws of NY, Book 1, Statutes § 363; see, People v Harris Corp., 123 Misc 2d 989 [Clinton County Ct 1984], affd 104 AD2d 130, 132 [3d Dept 1984]; Matter of Deuel, 116 App Div 512, 514 [1st Dept 1906]).
The city’s intent to include in Order 86/2 a "fault or *393 delinquency” condition appears clear, where the prior Personnel Order expressly included it, and the omission from a later order was discovered and intended to be corrected. Although the addition as incorporated in the subsequent Personnel Order did not use the "fault or delinquency” language, the city’s underlying intent to avoid rewarding employees who had engaged in misconduct clearly continued, as evidenced by the detailed mechanisms incorporated in Order 86/14 for determining eligibility for lump-sum payments. Therefore to construe Order 86/2 without implying any condition on eligibility, as plaintiff argues, would be inconsistent with the city’s clear intent.
Moreover, a construction which tends to sacrifice or prejudice the public interest is to be avoided (McKinney’s Cons Laws of NY, Book 1, Statutes § 152; Matter of Wilson v Board of Educ., 39 AD2d 965, 967 [2d Dept 1972], mod on other grounds 32 NY2d 636 [1973]). The public has an interest in faithful service by government employees, which interest is not well served by rewarding employees who have engaged in misconduct with payments for accrued leave. Long-term faithful service is an implied condition for the receipt of such deferred compensation as pension, sick leave and vacation benefits (Robbins v Police Pension Fund, 321 F Supp 93, 98 [SD NY 1970]; Matter of Giannettino v McGoldrick, 295 NY 208, 212 [1946]; Matter of Mahoney v McGuire, 107 AD2d 363, 366 [1st Dept 1985], affd 66 NY2d 622 [1985]; Matter of Teachers Assn., Cent. High School Dist. No. 3 [Board of Educ.], 34 AD2d 351, 353-354 [2d Dept 1970]). Plaintiff’s construction of Order 86/2 as authorizing payment with no restrictions would prejudice this public interest in faithful service and contradict the policy behind deferred compensation. Therefore Order 86/2 must be read with an implied condition of faithful service.
Although the entire elaborate scheme of Order 86/14 cannot be read into Order 86/2, as that would constitute improper retroactive application of the order, in view of the city’s use of the "fault or delinquency” provision in the earlier Personnel Order, it is appropriate to imply that provision in its successor, Order 86/2.
Plaintiff’s third cause of action claims an absolute right to the lump-sum payment and he now seeks an inquest.
However, as discussed above, any right to that payment is contingent upon his having retired "without fault or delin *394 quency,” and his motion for an inquest must therefore be denied. Moreover, the record before the court establishes that the plaintiff has been convicted of perjuring himself before the Martin Commission during its investigation of actions taken by plaintiff while he was employed by the city.
Although the actual perjury occurred almost a month after plaintiffs resignation, the investigation had begun prior to that time and the inquiry concerned transactions which occurred while plaintiff was Commissioner. I conclude that there is sufficient nexus between the misconduct and plaintiffs duties as Commissioner to warrant a finding that his resignation was not "without fault or delinquency”, and to support the denial of the benefit.
In light of the foregoing, it is clear that plaintiff lacks a "legitimate claim of entitlement” to the applied-for lump-sum payment. For that reason, his first cause of action must fall (see, Board of Regents v Roth, 408 US 564, 577). His second cause of action, relying on the Contract Clause of US Constitution, article I, § 10, must also fall, since any contractual rights bestowed by Personnel Order 86/2 cannot be said to have been substantially impaired by the city’s actions (see, Energy Reserves Group v Kansas Power & Light, 459 US 400, 411).
Accordingly, the plaintiffs motion is denied and the cross motion for summary judgment dismissing the complaint is granted in its entirety.

 For the purposes of this analysis, the city Personnel Orders, promulgated under a delegation of authority in the General Municipal Law, are treated as statutes, subject to general rules of construction. Municipalities may receive delegated power from the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes § 3 [f]).