OPINION OF THE COURT
Ronni D. Birnbaum, J.
Respondent moves pursuant to CPLR 3212 (e) for partial summary judgment on her second affirmative defense that the rent charged by petitioner exceeds the lawful rent for the premises.
The underlying nonpayment proceeding is brought by petitioner to recover rent arrears from respondent, the tenant "of *161 record” for apartment 5G at 708 West 177th Street, Borough of Manhattan, City and State of New York.
It is respondent’s contention that the owner forfeited his right to collect any rent increases when he failed to pay the annual registration fees required by the Rent Stabilization Law.
Rent Stabilization Law of 1969 (RSL; Administrative Code of City of NY) § 26-517.1 requires that an owner of rent-stabilized premises pay a $10 annual fee for each rent-stabilized apartment. In the event that the fee is not paid the statute precludes "an owner from applying for or collecting any further rent increases” and "the late payment of such fee shall result in the prospective elimination only of the sanctions contained therein.” (§ 26-517.1 [b].) The annual fee collected from owners was to be used to defray costs incurred by the City pursuant to subdivision (c) of section 8 of the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY § 8628 [L 1974, ch 576, § 4, as amended]).
The respondent contends that this court is bound by the proceeding in Rodriguez v Cabreja (Civ Ct, NY County, index No. L&T 54085/91) tried before a Housing Judge in this court and that the petitioner is therefore collaterally estopped from attempting to collect any rent increases. However, the decision and order annexed to the moving papers fails to recite any facts relating to the proceeding and fails to indicate whether the years that the 7-A Administrator (RPAPL art 7-A) was in charge of the premises were taken into consideration.
There are few immutable rules to the doctrine of collateral estoppel because it is based on general notions of fairness (Gilberg v Barbieri, 53 NY2d 285). As stated in Staatsburg Water Co. v Staatsburg Fire Dist. (72 NY2d 147, 153), "the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results. No rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings (see, Gilberg v Barbieri, supra, at 291-292; People v Berkowitz, 50 NY2d 333, 344; Matter of Venes v Community School Bd., 43 NY2d 520, 524).” (See, Boorman v Deutsch, 152 AD2d 48.) Applying these principles, collateral estoppel cannot be applied in this proceeding.
*162 The premises were purchased by the petitioner in September 1990. From December 1986 until the date of purchase, the building was run by Nicholas G. Tsimelis, a 7-A Administrator appointed by a Judge of the Housing Part.
The question presented to this court is whether the failure of a 7-A Administrator to pay the annual fee would bar the petitioner from collecting increases.
RPAPL article 7-A was enacted to address problems relating to remedying conditions dangerous to life, health or safety in multiple dwellings. In a 7-A proceeding, the court is authorized to appoint an administrator so that rents can be used for the purpose of remedying these dangerous conditions and to aid in the preservation of housing stock.
RPAPL article 7-A is a remedial statute and must be construed liberally to effectuate its aims and objectives. The administrator being appointed by the court must be given priority when his duties and aims collide with other existing laws. Other statutes must not be applied to take away the limited funds available to an administrator and thus thwart the very purpose of a 7-A proceeding and the aims to be accomplished. (Matter of Foster v New York City Conciliation & Appeals Bd., 124 Misc 2d 741.) The effect of any statute interfering with the objectives and aims of a 7-A Administrator must be balanced against the public interest served by the enactment of article 7-A. It must be given priority over other regulatory statutes in order to achieve its goal of safe housing (Lawrence v Martin, 131 Misc 2d 256).
To give priority to a law designed solely to defray costs incurred by the City for administrative purposes would subvert the very goal of the 7-A statute and take away valuable funds needed to keep a building found to be in a dangerous condition, in repair. Preventing lawful rent increases during this period of time would render the aims and objectives of a 7-A proceeding meaningless. Therefore, the respondent is liable for all rent increases, lawfully imposed, during the administrator’s period.
The petitioner, having purchased the premises in September is subject to the terms and conditions contained in RSL § 26-517.1. Nothing has been presented to this court to indicate that the fee has been paid for the year 1991 or 1992. Therefore, the respondent is not liable for any increases imposed from 1991 to date. The rent, prior to the time petitioner obtained title, was $276.25 which the court finds to be the legal rent to be charged.
*163 Accordingly, the motion for partial summary judgment is granted to the extent that the lawful rent to be charged for the subject premises is $276.25 per month. This matter is restored to the calendar for April 8, 1992 at 9:30 a.m. to resolve the remaining issues.