*44 OPINION OF THE COURT
Per Curiam.
Order dated December 24, 1991 and entered April 14, 1992, to the extent it vacated the so-ordered stipulation and restored the proceeding to the calendar for trial, affirmed, without costs.
Appeal from order dated April 3, 1992 and entered April 14, 1992, dismissed, without costs, as superseded by the subsequent order dated May 28, 1992.
Pursuant to a so-ordered stipulation, tenant agreed to pay arrears in settlement of a nonpayment proceeding. Subsequently, the Housing Court, sua sponte, subpoenaed Department of Finance records and determined that landlord’s predecessor had failed to pay annual registration fees required of owners of rent-stabilized housing accommodations (Rent Stabilization Law of 1969 [Administrative Code of City of NY § 26-517.1]). The court rendered an order staying any eviction until the landlord proved compliance with the registration requirements, and invited the parties to proceed further by appropriate motion. Thereupon, landlord moved to enforce the stipulation of settlement and for the entry of judgment based upon tenant’s noncompliance; tenant moved to restore the matter to the Trial Calendar.
In the order appealed from, the Housing Court — without benefit of a trial — found that there had been a rent overcharge by landlord’s predecessor and landlord because the statute did not permit rent increases in the absence of payment of the annual registration fees. Further, the present landlord was adjudged guilty of willful overcharges of rent, and tenant was awarded treble damages. In the course of its decision, the court invalidated a Division of Housing and Community Renewal (DHCR) directive, "Policy Statement 92-1”, issued January 23, 1992, which provides that penalties shall not be imposed on owners who fail to pay annual registration fees until 60 days after DHCR sends notice of nonpayment accompanied by a copy of the billed fee.
Shortly before the argument of this appeal, the Housing Court rendered a subsequent order on May 28, 1992, recalling and vacating its prior orders and decisions in these proceedings, and setting the matter down for trial on all issues including the legal regulated rent, rents due, rents paid, and the amount of any abatement for breach of the warranty of habitability. Thus, while the court originally erred in summar *45 ily resolving the overcharge issues against landlord, that infirmity was corrected in the May 28, 1992 order. We do expressly note our disagreement with so much of the court’s April 14, 1992 order (now vacated) as declined to adhere to the DHCR’s policy statement concerning payment of annual registration fees. The DHCR is authorized to issue opinions and statements of general policy as to its interpretation of the Rent Stabilization Law and Code (Rent Stabilization Code [9 NYCRR] § 2527.11), and the agency’s interpretation of the statutes and regulations it administers, if not unreasonable or irrational, is entitled to deference (Matter of Salvati v Eimicke, 72 NY2d 784, 791). DHCR’s promulgation of procedures for the payment of Department of Finance-billed administrative fees for rent-stabilized apartments is neither irrational nor inconsistent with the governing statutes (Rent Stabilization Law of 1969 [Administrative Code § 26-517.1 (b)]; Emergency Tenant Protection Act of 1974 § 8 [d] [L 1974, ch 576, § 4, as amended]). There is at least a question of fact as to whether landlord and/or its predecessor is subject to penalties for nonpayment of registration fees under the terms of Policy Statement 92-1.
We do not disturb so much of the order(s) appealed from as vacated the so-ordered stipulation and restored the proceeding to the calendar. The enforcement of the stipulation remained subject to the continuing supervision of the Housing Judge (CCA 110 [c]).
Parness, J. P., Miller and McCooe, JJ., concur.