In the Matter of FRANCIS M. DEGNAN et al., Appellants, v THOMAS A. CONSTANTINE, as Superintendent of the Division of New York State Police, Respondent.

Third Department, April 22, 1993

APPEARANCES OF COUNSEL

*Hinman, Straub, Pigors & Manning, P. C.,* Albany *(John R. Saccocio* of counsel), for appellants.

*Robert Abrams, Attorney-General,* Albany *(Frank K. Walsh* and *Nancy A. Spiegel* of counsel), for respondent.

OPINION OF THE COURT

MERCURE, J.

Petitioners are former State Troopers who were eligible to and did separate from service with the Division of State Police by retirement at a time when charges of misconduct were pending against them. In fact, each of the petitioners accelerated his original retirement date in order to circumvent a hearing on the disciplinary charges. Following petitioners' retirement, each sought payment for 30 unused days of vacation pay he had earned and accumulated prior to his separation from service. Respondent denied the requests upon the ground that petitioners "[i]n effect * * * resigned" from service in order to evade the charges pending against them. Petitioners then commenced this combined proceeding and action pursuant to CPLR article 78, CPLR 3001 and 42 USC § 1983 alleging, as limited by petitioners' brief, that respondent's denial of a lump-sum payment for 30 unused vacation days violated the rules and regulations of the Division of State Police. Supreme Court dismissed the petition and petitioners appeal.

As a preliminary matter, we note that the issue for our consideration is not whether the public interest is served by paying petitioners the accrued vacation time which they demand or whether respondent would be authorized, by appropriate regulation, to condition payment of accrued leave to retiring members upon faithful and honest service. Rather, the issue is whether respondent's own regulations, which are binding upon the Division of State Police as well as upon any other person who might be affected *(see, Matter of Frick v Bahou,* 56 NY2d 777, 778), mandate the payment sought by petitioners. We conclude that the clear and unambiguous language of respondent's regulations requires that petitioners be compensated for up to 30 days of accrued annual leave and that the petition should have been granted to that extent.

New York State Police Administrative Manual regulation

5.6, entitled "Annual Leave", provides in relevant part as follows:

"e. Annual leave credits shall not be allowed a Member upon his *voluntary withdrawal or resignation* from the Division unless his *withdrawal or resignation* is effected in compliance with the requirements of [Executive Law § 215 (3)]. At the time of his *resignation,* and provided that he has given notice of such *resignation* to the Superintendent at least 2 weeks prior to his last day of work, a Member shall be compensated in cash for Annual Leave Credits due, not in excess of 30 days, for accrued and unused days as of the effective date of his *resignation.* No Member who *resigns* after charges of incompetency or misconduct have been served upon him shall be entitled to compensation for Annual Leave Credits under the provisions of this Regulation.

"f. Upon separation from Division Service by *retirement or death,* a Member or his estate or his beneficiary, as the case may be, shall be compensated in cash for Annual Leave not in excess of 30 days in addition to any salary" (emphasis supplied).

It is "axiomatic that an agency is bound by the language of its own regulation and cannot construe it in such a manner that the plain language on the face of the regulation is rendered meaningless" *(Matter of Grace Plaza v Axelrod,* 121 AD2d 799, 801; *see, Matter of Duflo Spray-Chem. v Jorling,* 153 AD2d 244, 247; *Matter of Adamides v Chu,* 134 AD2d 776, 778, *lv denied* 71 NY2d 806). Here, as respondent candidly acknowledges, the plain language of the regulation requires the unconditional payment of accrued annual leave to a member who separates from service by retirement or death. As can be seen, had petitioners separated from service by voluntary withdrawal or resignation during the pendency of the disciplinary charges, they would not be entitled to compensation for accrued vacation time. Respondent views this as evidence of an implied condition of faithful service *(see, e.g., Matter of Mahoney v McGuire,* 107 AD2d 363, *affd* 66 NY2d 622; *Ameruso v City of New York,* 141 Misc 2d 389), which he would apply in the case of separation from service by retirement as well. However, the fact that two subsections of regulation 5.6 make distinct and disparate provision for the payment of annual leave following the member's voluntary withdrawal or resignation, on the one hand, and the member's separation from service by retirement or death, on the other, defeats rather than furthers respondent's argument *(see,* McKinney's

Cons Laws of NY, Book 1, Statutes § 240, at 411-414). Obviously, had respondent intended that accrued vacation time be withheld in the case where a member retires during the pendency of disciplinary charges, the regulation would have so provided.

MIKOLL, J. P., YESAWICH JR., CREW III and HARVEY, JJ., concur.

Ordered that the judgment is modified, on the law, with costs, by reversing so much thereof as denied petitioners' demand for payment of accrued annual leave not in excess of 30 days; petition granted to the extent that it is declared that respondent's denial of a lump-sum payment for 30 unused vacation days violated the rules and regulations of the Division of State Police; and, as so modified, affirmed.