OPINION OF THE COURT
Richard F. Braun, J.
This is a summary proceeding for nonpayment of rent. The subject premises is residential, and is regulated by the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4) and Rent Stabilization Code (9 NYCRR parts 2520-2530). Landlord (petitioner) moves to strike the affirmative defenses and counterclaims of tenant (respondent). By stipulation, dated May 2, 1994, respondent withdrew her first and second affirmative defenses, so as to those defenses the motion is moot. Respondent cross-moves for summary judgment on her second counterclaim. The motion and cross motion are consolidated for disposition.
Respondent’s third affirmative defense is failure to state a cause of action. The Appellate Division, First Department, has held that, unless all other affirmative defenses are determined to be legally insufficient, such a defense should not be stricken, as it can be asserted at any time, pursuant to CPLR 3211 (e). (Raine v Allied Artists Prods., 63 AD2d 914, 915 [1978].) Such a determination is not being made here (see discussion below).
Respondent’s fourth affirmative defense is that the predi *817 cote rent demand notice is defective because it is signed by petitioner’s attorney. The notice provision of the lease between the parties for the subject premises does not require that petitioner itself must give notice to respondent. Thus, it is well settled that petitioner’s attorney may sign such a rent demand notice on petitioner’s behalf. (Kwong v Eng, 183 AD2d 558, 560 [1st Dept 1992]; 615 Co. v 354 E. 66th St. Realty Corp., NYLJ, Jan. 30, 1991, at 21, col 2 [App Term, 1st Dept]; Beau Arts Props. Co. v Whelan, NYLJ, Jan. 12, 1990, at 21, col 2 [App Term, 1st Dept].) Thus, the affirmative defense does not lie.
Respondent’s fifth affirmative defense is that the rent sought in this proceeding for June through December 1993 at $398 per month is in excess of the legal rent of $350 per month and that she should only have to pay the latter amount. Respondent’s second counterclaim is for rent overcharge to reimburse her for allegedly excessive rent amounts paid by her to petitioner from November 1, 1987 through May 31, 1993. Petitioner claims that the legal rent for June through December 1993 is $398 per month and that it did not collect any excessive rent from respondent.
The basis for both the defense and the counterclaim is petitioner’s failure to file annual rent registration statements with the New York State Division of Housing and Community Renewal (DHCR) for the years 1988-1990. Petitioner filed those statements with DHCR on March 10, 1994, after allegedly serving copies on respondent. The rent pursuant to respondent’s initial lease for the subject premises was $350 per month, and the lease terminated on October 31, 1987. That rent was registered with DHCR in 1987.
The rent registration provision of the New York City Rent Stabilization Law was amended, effective July 7, 1993. Administrative Code § 26-517 (e) now reads in part: "The failure to file a proper and timely * * * annual rent registration statement shall, until such time as such registration is filed, bar an owner from applying for or collecting any rent in excess of the legal regulated rent in effect on the date of the last preceding registration statement * * * The filing of a late registration shall result in the prospective elimination of such sanctions and provided that increases in the legal regulated rent were lawful except for the failure to file a timely registration, the owner, upon the service and filing of a late registration, shall not be found to have collected an overcharge at any time prior to the filing of the late registration.”
*818 There is no claim that the rent increases were unlawful for any reason other than the late filing of the 1988-1990 registration statements. Petitioner contends that, as it did file the rent registrations in March 1994, it is now entitled under the aforesaid statute to collect the rent claimed due, and thus respondent’s affirmative defense and counterclaim must be stricken. Respondent claims that due to petitioner’s failure to file rent registration statements for 1988-1990, petitioner cannot collect back rent before March 1994 above the amount of $350 per month and that she was overcharged in the amount of $2,304.72 which constitutes the total of excessive monthly rental amounts that she paid to petitioner from November 1, 1987 through May 31, 1993.
Respondent is not correct in her interpretation of the 1993 amendment. Respondent is wrong in her argument that the definition of "overcharge” under the last sentence of Administrative Code § 26-517 (e) is to be limited to treble damages, and that therefore respondent can still recover on her second counterclaim for single damages in the amount of the alleged overcharge. She cites to 9 NYCRR 2526.1 as to her definition of overcharge, but that provision includes penalties for both treble damages and single damages. Thus, respondent is not correct in her contention that the amendment to section 26-517 (e) only eliminates a tenant’s ability to collect treble damages for an overcharge solely due to a late registration filing, but does not eliminate a tenant’s ability to collect single damages for such a filing.
Nor is respondent correct in her argument that the part of section 26-517 (e) which speaks of "prospective elimination of such sanctions” relates to rent overcharges. The phrase "such sanctions” certainly refers to the earlier prohibition in section 26-517 (e) against an owner’s collecting any rent in excess of the amount of the legal rent on the date of the last preceding registration statement until a late filing of the unfiled registration statements is made, and the phrase is limited by the subsequent statement barring overcharge findings (see discussion below).
It is true, as respondent contends, that generally statutes are to be construed prospectively, and that the Legislature must clearly express itself otherwise for a statute to be given retroactive effect. (Matter of Container Co., 298 NY 277, 279 [1948].) The Appellate Term, First Department, has stated that a direction by the Legislature, as here, that a statute takes effect immediately "strongly militates against a finding *819 of retroactive intent (McKinney’s Cons Laws of NY, Book 1, Statutes, § 51, subd b).” (Stromer v Granata, 124 Misc 2d 934, 935 [1984].) A statute that would deprive a party of a substantial right, such as the one at issue here, will only be interpreted as retroactive where such an interpretation is clearly intended by the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes § 53; Jacobus v Colgate, 217 NY 235, 240 [1916]; Stromer v Granata, supra, at 936.) A court should look primarily to the language of the law at issue in order to ascertain legislative intent. (Department of Welfare v Siebel, 6 NY2d 536, 543 [1959].) Here, it is clear from the language of section 26-517 (e) that the Legislature intended that, where, as here, an owner has served and filed late registrations, and the rent increases were otherwise lawful, the owner cannot be held to have collected any overcharge for any period prior to the late filing, and thus any right of the tenant to sue for reimbursement of such amount is abrogated. Furthermore, the introducer of the bill in the New York State Senate that led to such law said: "The bill also provides that an owner who files an untimely initial or annual registration statement shall not be found to have collected an illegal overcharge if the increases in legal regulated rents were lawful in all respects but for the failure to timely file a registration statement.” (Sponsor’s Memo in Support, Bill Jacket, L 1993, ch 253, at 4.) Therefore, respondent cannot recover summary judgment on her second counterclaim, and the counterclaim must be stricken.
Respondent is correct, however, that her fifth affirmative defense should not be dismissed. Petitioner does not really discuss why it should be stricken but only refers to its argument regarding the second counterclaim. However, the fifth affirmative defense stands on a different footing under section 26-517 (e). 9 NYCRR 2525.1 bars the demand or receipt of any rent above the legal regulated rent for a rent-stabilized apartment. Until petitioner served and filed its late registration statements in March 1994, it was prohibited under that provision from collecting any rent above $350 per month. (See, George Washington Grammercy Park Hotel Assn. v Bain, NYLJ, June 11, 1986, at 11, col 4 [App Term, 1st Dept].)
Both section 26-517 (e) and 9 NYCRR 2528.4 provide that the late filing will cause the prospective elimination of such penalty. The language is clear. It does not allow an owner the remedy of being able to collect the higher amount of rent that would have been due to the owner if the owner had filed its *820 registration statements in a timely fashion rather than late. The right of the owner to collect those uncollected increased amounts was waived by virtue of the owner’s failure to file its registration statements timely, pursuant to section 26-517 (e) and 9 NYCRR 2525.1 and 2528.4.
Otherwise, the addition of the word "prospective” is meaningless. Without the word "prospective”, section 26-517 (e) would read: "The filing of a late registration shall result in the elimination of such sanctions.” Every word of a statute must be construed according to its appropriate meaning and given effect in determining the law’s meaning. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 230, 231.) A court cannot "restrict by conjecture, or under the guise or pretext of interpretation, the meaning of the phrase selected.” (Department of Welfare v Siebel, supra, 6 NY2d, at 543.) Obviously, the past has passed, and the issue is whether an owner can now collect those rental amounts. The Legislature’s including the word "prospective” makes its intent crystal clear that, when an owner fulfills its obligation to file registration statements, the penalty of the past remains, and the owner can only begin to collect the lawful rental amount from that day forward. (Collectible Rent Is Restricted To Last Registered Amount, NYLJ, Mar. 31, 1993, at 21, col 5; Sabloff v Jimenez, NYLJ, Mar. 31, 1993, at 24, col 4 [Civ Ct, Kings County].) Therefore, the fifth affirmative defense should not be stricken.
Respondent’s sixth affirmative defense is for breach of the implied warranty of habitability, pursuant to Real Property Law § 235-b. Petitioner offers no reason why this defense should be stricken. It is adequately pleaded, and will not be dismissed.
Respondent’s seventh affirmative defense and first counterclaim is for "repair and deduct” due to her purchase of a new refrigerator after years of complaints. Petitioner contends that the claim must be raised in the Small Claims Part of this court, given that the amount sought is $470.88. Petitioner is wrong. Such a counterclaim may either be asserted in a plenary action or as a counterclaim in an action for rent. (Missionary Sisters of the Sacred Heart v Meer, 131 AD2d 393, 397 [1st Dept 1987]; Katurah Corp. v Wells, 115 Misc 2d 16, 17 [App Term, 1st Dept 1982].)
*821 The third counterclaim of respondent is for reasonable legal fees. The only statement by petitioner about that counterclaim is that it is premature because no judgment has been issued on the merits in this proceeding. Petitioner is correct, but sets forth no ground for the counterclaim’s dismissal at this stage of the litigation.