OPINION OF THE COURT
Memorandum.
Order unanimously reversed with $10 costs, motion for summary judgment denied and matter remanded to the court below for all further proceedings.
A nonpayment proceeding was commenced against the rent-stabilized tenants herein. Their answer contained an affirmative defense of rent overcharge and they moved for summary judgment based on that defense. The lease in question commenced on March 1, 1992 and was to expire on February 28, 1993.
The apartment in question was rent controlled until the prior tenant vacated the apartment at the end of December of 1990. Petitioners renovated the apartment, spending about $11,700 in doing so. The apartment was rented twice before the tenants herein rented the apartment. It was conceded that petitioners never served the initial apartment registration notice or the notice of initial legal registered rent. The court below reasoned that since there was no initial registration of rent, the legal rental rate was the last rent-controlled rent of $121.60; that the Rent Regulation Reform Act of 1993 did not change that result since the amendments only forgive late filing where the rent charged was legal and in the absence of any initial registration and the absence of tenants’ right to a fair market rent appeal, there never was a change in the legal regulated rent. The court set the matter down for a hearing on the issue of willfulness of the rent overcharge and on the issue of treble damages.
*336 The arguments advanced by the respective parties are deceiving in their simplicity. Petitioners contend that they are entitled to keep the rent collected above the last rent-controlled rent because of the amendments to the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4 [RSL]). Tenants respond that since the apartment in question was never initially registered, there could be no increase in the legally regulated rent which would serve as the basis for future increases since the landlord could not collect same without being in violation of the Rent Stabilization Code (9 NYCRR parts 2520-2530 [RSC]).
What is in issue herein involves chapter 253 of the Laws of 1993, entitled the Rent Regulation Reform Act of 1993 (Act). This Act amended two provisions of the RSL, specifically, section 26-516 (a) and section 26-517 (e) of the Administrative Code of the City of New York. Section 26-516 (a) provided that whereas an owner who collected an overcharge in rent could be liable for treble damages, "In no event shall such treble damage penalty be assessed against an owner based solely on said owner’s failure to file a timely or proper initial or annual rent registration statement.”
Section 26-517 (e) provided that the failure to file the initial or annual registration statement shall bar the owner from applying for or collecting any rent in excess of the legal regulated rent. It went on to note that the filing of the registration resulted in the prospective elimination of the sanctions and then stated that "provided that increases in the legal regulated rent were lawful except for the failure to file a timely registration, the owner, upon the service and filing of a late registration, shall not be found to have collected an overcharge at any time prior to the filing of the late registration.” (Administrative Code § 26-517 [e].)
The issue is made a bit more difficult because of the failure to amend the relevant provisions of the RSC to facilitate this change. Section 2520.6 (f) of the RSC (9 NYCRR 2520.6 [f]) defines the phrase "Legal Regulated Rent” as being the "initial legal registered rent as adjusted in accordance with this Code”. Section 2521.1 (a) (1) of the RSC provides that for an apartment that became vacant after March 31, 1984, and is now subject to the RSL, the "initial legal registered rent” shall be the rent agreed to by the parties in a lease subject to the tenants’ right of a fair market rent appeal. Part 2528 covers the registration of housing accommodations and section 2528.1 requires the apartment to be registered within 90 days *337 after becoming subject to the RSL. Section 2528.4 of the RSC provides penalties for failure to register and states:
"The failure to properly and timely comply with the initial or annual rent registration as required by this Part shall, until such time as such registration is completed, bar an owner from applying for or collecting any rent in excess of:
"(a) if no initial registration has taken place, the legal regulated rent in effect on the date that the housing accommodation became subject to the registration requirements of this Part; or
"(b) the legal regulated rent in effect on April first of the year for which an annual registration was required to be filed, or such other date of that year as may be determined by the DHCR pursuant to section 2528.3 of this Part [Annual Registration Requirements].
"The late filing of a registration shall result in the elimination, prospectively of such penalty.” It would appear that the provisions of the RSC have not caught up with those of the amended RSL. Section 28 of chapter 253 of the Laws of 1993 provided that "Any rule or regulation or form necessary for the implementation of this act, or any section of this act, is authorized and directed to be made and completed within 180 days after the date on which this act becomes a law.” In addition, section 2520.3 of the RSC provides that "This Code shall be construed so as to carry out the intent of the Rent Stabilization Law”.
It is the opinion of this court that the provisions of the Rent Regulation Reform Act of 1993 go far beyond that which is provided for in the Rent Stabilization Code. While there is no way under said RSC for a landlord to ever collect increases prior to the filing of the initial registration statement, that was not the apparent or overriding concern of the Legislature when it amended the provisions of the Rent Stabilization Law as set forth above. Specifically, when looking at section 26-517 (e) of the RSL, there is a bar, at the start of the section against landlord’s collection of rent in excess of the legal regulated rent. In the case at bar, that figure would be $121.60 a month. However, that section notes that the filing would result in the prospective elimination of the sanctions and then, if the increases "in the legal regulated rent were lawful except for the failure to file a timely registration” (Administrative Code § 26-517 [e]; emphasis added), then upon said filing, the landlord "shall not be found to have collected *338 an overcharge at any time prior to the filing of the late registration.”
To adopt the construction of the tenants and of the court below would result in the language just cited, having no meaning or effect. The theory advanced by the court below was that the failure to register the apartment removed the ability to ever have an increase in the legal regulated rent and therefore the landlord would be limited to $121.60 (Smitten v 56 MacDougal St. Co., 167 AD2d 205). This would negate the phrase "increases in the legal regulated rent”, since under the lower court’s construction, there could never be such an increase in the absence of the filing of the initial registration statement. The language of the amendment permits the landlord to keep the money collected but the RSC (9 NYCRR 2525.1) does not authorize a landlord to sue for the unpaid rent in excess of the legal regulated rent prior to the time of the filing of the registration statement (see, 17 E. 101st St. Assocs. v Huguenin, 161 Misc 2d 815 [Civ Ct, NY County, Braun, J.]).
This case must be remanded to the court below for two reasons. Firstly, the court below did not pass upon the validity of the increases which were set forth by petitioners to justify the increase from $121.60 to $585 per month. Secondly, tenants properly note that petitioners’ first registration statement contained the wrong address and the second, amended registration statement was not included in the record on appeal. Therefore, on remand, petitioners should be able to establish the time of the proper filing of the initial registration statement.
Scholnick, J. P., Chetta and Patterson, JJ., concur.