■ In the Matter of JOSEPH DeVINCENZO, Appellant, v CITY OF NEW YORK, Respondent. [625 NYS2d 565] —Judgment, Supreme Court, New York County (Milton Williams, J.), entered May 28, 1993, which denied and dismissed petitioner's CPLR article 78 application challenging respondent's denial of his request for payment of accrued leave balances, unanimously affirmed, without costs.

Petitioner lacked a specific entitlement to terminal leave under the collective bargaining agreement between the City and the Sanitation Officers' Association in place at the time of petitioner's retirement. Because petitioner was convicted of perjury in the first degree for misconduct relating to his public employment and the misconduct was of a serious enough nature to warrant dismissal, petitioner has no right to a lump sum payment for his accrued unused leave balance. The right to payment for unused leave "is contingent upon faithful service without fault or misconduct, even when [as here] the applicable municipal regulations in effect at the time of the employee's retirement temporarily failed to include any such explicit condition" *(Ameruso v City of New York,* 141

Misc 2d 389, 389-390). "The condition that such payment may be made only where the employee's termination was without fault or misconduct must be implied in light of preceding and subsequent regulations, and in view of the public interest" *(supra,* at 390).

Finally, we reject petitioner's unsupported claim that he is entitled to payment for accrued leave because he was not permitted to exhaust his leave prior to retirement. As the Feerick Commission Report observed, petitioner chose not to exhaust his leave as part of an "effectively mapped out * * * strategy for retiring without the loss of his pension" and designed to "maximize the chances that his retirement plans would not be made known to his employer, the Mayor, or the New York City Department of Investigation ('DOI') and to minimize the likelihood that disciplinary action could be taken against him before he retired." *("Playing Ball" with City Hall: A Case Study of Political Patronage in New York City,* State of NY Commn on Govt Integrity, Appendix, at 7, 1.) Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.