OPINION OF THE COURT
Per Curiam.
Order entered April 20, 1994 reversed, with $10 costs, tenant’s motion for summary judgment is denied, and landlord’s cross motion is granted to the extent of dismissing the second and third affirmative defenses and third and fourth counterclaims, and by amending the caption to substitute DEL Realty Co. as party petitioner in place of DEL Realty Corp.
The nonpayment petition seeks arrears of $800 per month for the period April through June 1993. That amount is consistent with the rental set forth in tenant’s original September 1989 stabilized lease, and landlord’s rent registration statements filed with the Division of Housing and Community Renewal (DHCR) in 1990 and subsequent years. However, landlord neglected to file an initial rent registration when the first stabilized tenant entered into possession in May 1988, and did not do so until May 1993. Tenant has filed a fair market rent appeal with the rent agency, which remains pending.
In granting summary judgment to the tenant on the issue of landlord’s liability for rent overcharges and treble damages, Civil Court failed to give proper effect to the provisions of the Rent Regulation Reform Act of 1993 (L 1993, ch 253). Pur *738 suant to the Rent Stabilization Law of 1969 (Administrative Code of City of NY § 26-517 [e]), if "increases in the legal regulated rent were lawful except for the failure to file a timely registration, the owner, upon the service and filing of a late registration, shall not be found to have collected an overcharge at any time prior to the filing of the late registration” (emphasis added). Similarly, Administrative Code § 26-516 (a) now provides, inter alia, that "[i]n no event shall [a] treble damage penalty be assessed against an owner based solely on said owner’s failure to file a timely or proper initial or annual rent registration statement.” Thus, landlord’s collection of $800 per month — which, as indicated, was registered with DHCR from the inception of the tenancy — may not be the subject of a rent overcharge or treble damages claim (Goldman v Porges, NYLJ, Mar. 28, 1995, at 25, col 1 [App Term, 1st Dept]; Verveniotis v Cacioppo,* NYLJ, Mar. 23, 1995, at 34, col 5 [App Term, 2d Dept]). To the extent tenant challenges the first stabilized rent initially negotiated with her predecessor, that challenge is preserved in the context of her fair market rent appeal.
We reject tenant’s interposition of a claim for rent overcharge in the guise of a General Business Law § 349 (h) claim. In response to landlord’s dismissal motion, tenant failed to make a threshold showing that the conduct complained of had a broad impact upon similarly situated consumers or renters (see, Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20). Moreover, there is a specific statutory and administrative framework in place for the redress of tenant’s particular complaint.
In the absence of any prejudice, landlord’s application to correct the misnomer in the caption is granted (CPLR 2001; Rodriguez v Baker, 182 AD2d 751).
Parness, J. P., and Miller, J., concur.

 The opinion of the Civil Court, Kings County, relied upon in the decision below, was subsequently reversed by the Appellate Term, Second Department.