*512 OPINION OF THE COURT
Per Curiam.
Order entered December 2, 1994 modified by reversing so much thereof as granted summary judgment to the tenants on the issue of treble damages for rent overcharge, and the motion insofar as it sought summary judgment on the issue of treble damages is denied; as modified, order affirmed, without costs.
Civil Court properly granted summary judgment on tenants’ claim for rent overcharge since landlord raised no genuine factual issue as to its failure to file an initial or annual rent registrations, either at the time the premises became subject to rent stabilization or at any time thereafter. The certified Division of Housing and Community Renewal (DHCR) records submitted below indicate that there was no registration subsequent to the April 1984 filing when the apartment was classified as rent controlled. Any proof that the original stabilized tenants were served with the initial registration form is not probative of whether the registration was actually filed with the DHCR, particularly in light of landlord’s demonstrated history of noncompliance with the rent registration requirements over many years (see generally, DHCR Policy Statement 92-3 [reprinted in Rasch, New York Landlord and Tenant — Rent Control & Rent Regulation, 1995 Cum Supp, at 185-188 (2d ed)]). Landlord did not tender any documentary evidence of filing or mailing, and the affidavits of its managing agent’s employee were studiously evasive on this issue.
Since there was no initial registration, the legal rent rate was the last rate under rent control (Smitten v 56 MacDougal St. Co., 167 AD2d 205). There being no proof of filing of a late registration, landlord may not invoke the Rent Regulation Reform Act of 1993 (see, Rent Stabilization Law of 1969 [Administrative Code of City of NY § 26-517 (e)], as amended by L 1993, ch 253) as a defense to tenants’ overcharge claim (cf., DBL Realty Corp. v Zavala, 166 Misc 2d 736 [App Term, 1st Dept]). However, under section 26-516 (a) of the Rent Stabilization Law, treble damages for rent overcharge may not be assessed against an owner "based solely on said owner’s failure to file a timely or proper initial or annual rent registration statement”. Tenants’ motion papers offered no basis for treble damages apart from landlord’s failure to file registration statements, and it appears that Civil Court trebled the damages automatically upon its finding of an overcharge. Whether *513 landlord willfully collected an overcharge is a triable issue not susceptible to summary judgment (Demetria v Pichardo, NYLJ, Aug. 10,1995, at 21, col 1 [App Term, 1st Dept]). We have modified this aspect of the order accordingly.
Parness, J. P., McCooe and Freedman, JJ., concur.