OPINION OF THE COURT
Laurie L. Lau, J.
In this summary nonpayment proceeding the parties (represented by counsel) stipulated that the issue is the amount of *745 the legal rent for apartment 2R in the building located at 327 Manhattan Avenue, Brooklyn (the Apartment). At a hearing[1] both parties submitted certified documents from the Division of Housing and Community Renewal (the DHCR) and respondent submitted a certified document from the New York City Department of Finance showing that petitioner landlord had failed to pay the $10 annual administrative fee for 1990 required for each apartment by section 26-517.1 of the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4) (the RSL), as authorized by section 8 of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) (the ETPA).
The only witness at the hearing was Antoinette Vitolo, who has occupied the ground floor apartment in the building for 54 years. She testified that respondent took occupancy of the Apartment after Carmine Carlucci vacated it and that the Apartment was vacant only a few weeks before respondent became the tenant.
The DHCR records show that the Apartment was registered and designated as apartment 3 when Carmine Carlucci was the tenant. It was reregistered as apartment 2R when respondent took occupancy. Carmine Carlucci’s monthly rents were registered with the DHCR as: $214 from January 1, 1984, through December 31, 1984; $214 from January 1, 1985, through October 31, 1985; $237.56 from November 1, 1985, through October 31, 1986; $267.13 from November 1, 1986, through October 31, 1987; $285.40 from November 1, 1987, through October 31, 1988; $307.24 from November 1, 1988, through October 31, 1989; and $333.14 from November 1, 1989, through October 31, 1990. Respondent took occupancy of the Apartment pursuant to a lease dated on or about September 1, 1991, at a rent of $500 per month. The DHCR records show that the 1992, 1993 and 1994 registrations for the Apartment were filed on July 15, 1994, with the rent listed as $500 per month.
Respondent argues that the legal rent for the Apartment is $333.14, the rent for the prior rent-stabilized tenant of the Apartment, because petitioner failed to pay the 1990 annual $10 administrative fee and such failure precludes petitioner from applying for or collecting any rent increase until payment of the fee. (RSL § 26-517.1 [b].) Respondent further argues *746 that petitioner failed to justify the $500 per month rent. Petitioner apparently has conceded that point; in his memorandum of law petitioner urges the court to find the initial rent for the Apartment to be $365.53, based in part on a rent of $348.13 for Carmine Carlucci for a lease running from November 1, 1990, through October 31, 1991. The court notes that no rent of $348.13 for Carmine Carlucci was registered with the DHCR. His last registered rent was $333.14. Moreover, petitioner introduced no evidence to establish that a 1990-1991 lease existed. Accordingly, the court finds that the $333.14 rent for 1990 constitutes the starting point for determination of respondent’s legal rent.
The court has jurisdiction over this dispute, respondent not having filed an overcharge complaint with the DHCR. (310 W. End Ave. Owners Corp. v Rosenberg, NYLJ, Aug. 28, 1991, at 21, col 4 [App Term, 1st Dept]; 100 Mosholu Parkway Assocs. v Hughes, NYLJ, Mar. 13, 1996, at 26, col 6 [Civ Ct, Bronx County]; Graham Ct. Owners Corp. v Allen, NYLJ, Aug. 17, 1994, at 22, col 6 [Civ Ct, NY County].)
Section 26-517.1 (a) of the RSL requires an apartment owner to pay an annual administrative fee of $10 for each apartment. If this fee is not paid, the owner is precluded "from applying for or collecting any further rent increases” and "late payment of such fee shall result in the prospective elimination only” of such sanctions. (RSL § 26-517.1 [b] [as authorized by ETPA § 8 (d)].) This fee is imposed to defray the costs of administering the rent stabilization laws and it is constitutional. (Wittenberg v City of New York, 135 AD2d 132 [1st Dept 1988], affd 73 NY2d 753 [1988].)
Petitioner contends that the Department of Finance is in error in certifying that petitioner has not paid the 1990 administrative fee. But petitioner has offered no evidence, not even his own testimony, in support of his contention. The court finds that petitioner did not pay the administrative fee required by section 26-517.1 (a) of the RSL for 1990.
Petitioner argues that under the DHCR’s Policy Statement 92-1 the statutory sanction for nonpayment is to be delayed until 60 days after the DHCR sends the owner a notice of nonpayment accompanied by a copy of the bill. Again, petitioner has offered no evidence, not even his own testimony, as to his receipt or nonreceipt of any notice of nonpayment from the DHCR. Moreover, the DHCR’s Policy Statement 92-1 cannot protect petitioner from respondent’s claim that the rent petitioner demands is unlawful.
*747 Policy Statement 92-1 (Jan. 23, 1992, reprinted in Rasch, New York Landlord and Tenant — Rent Control and Rent Stabilization, 1996 Pocket Part, at 224 [2d ed]) was issued "to establish DHCR’s policies with respect to enforcement of the legally mandated penalties for failure to pay the administrative fees billed by New York City or the municipalities which have adopted the * * * [ETPA].” According to this policy statement, when the DHCR is advised by the municipal agency that collects the fee that an owner has not paid the fee, the DHCR will send a notice to the owner with a copy of the bill. If the owner does not pay the fee, with any additional charges or interest, to the municipal agency within 60 days of the date of the notice, the DHCR will issue an order subjecting the owner to the statutory penalties. Until the fee is paid, the owner is barred from applying for or collecting any further rent increases. If the owner has collected a rent in excess of the rent fixed by the DHCR (at the level registered with the DHCR as of the April 1st prior to the original due date of the fee), the owner will be liable to the tenant for a penalty of three times the amount of the overcharge.
The nature and validity of this policy statement have been much contested since its issuance in 1992. In Moreira v Halperin (NYLJ, Aug. 16, 1995, at 22, col 5 [Sup Ct, NY County]), rent-stabilized tenants sued the DHCR, alleging that their landlord had failed to pay the administrative fee for several years and nevertheless had increased their rent. (Plaintiffs also alleged that since August 1992 the DHCR had failed to notify the majority of owners who failed to pay the administrative fee, so that the 60-day period employed by the policy statement never commenced.) Plaintiffs sought a declaratory judgment that Policy Statement 92-1 was null and void because (i) it was inconsistent with section 26-517.1 of the RSL, and (ii) it had not been properly adopted under the State Administrative Procedure Act. The DHCR insisted that Policy Statement 92-1 was not a "legislative act”, or rule, but rather was an interpretation of the RSL.[2] The court concluded that the policy *748 statement was at variance with the provisions of the RSL and was invalid.
Recently the Civil Court in New York County in 224 8th Ave. Corp. v Palacios (NYLJ, Sept. 25, 1996, at 22, col 3) rejected a respondent’s defense of overcharge, because "respondent has not demonstrated that the landlord was billed by the DHCR”. (Supra, at 22, col 4.) The court refused to follow Moreira (supra) but did not address the issues discussed therein.[3]
It is unnecessary to decide here whether Policy Statement 92-1 is valid or not.[4] The policy statement is not a rule or regulation with force of law, but a policy statement — that is, a statement of what the agency intends to do in its own proceedings. (It was issued "to establish the DHCR’s policies”.) If the court were to view the policy statement as a rule or regulation with force of law, the State Administrative Procedure Act would compel the conclusion that it was invalid.[5] Better for the court to view it as a statement of agency policy regarding *749 enforcement of the administrative fee requirement. As such, it has no application here and provides no shelter for petitioner.
Section 26-517.1 of the RSL is clear and without ambiguity. When the administrative fee is not paid, the owner may not collect any rent increase until it is paid, and then he can collect only going forward. If he has collected rent increases in the past, the tenant may recover them.[6] (E.g., Zas v Bricard, NYLJ, Feb. 28, 1996, at 29, col 5 [Civ Ct, Kings County]; Vernon Ave. Assocs. v Lavayan, NYLJ, Mar. 30, 1994, at 24, col 5 [Civ Ct, Kings County]; Rodriguez v Flores, 154 Misc 2d 160 [Civ Ct, NY County 1992].) Accordingly, petitioner is barred from collecting any rent from respondent in excess of $333.14, the monthly rent in effect in 1990.

. The hearing was on June 27, 1996; see, tape K27901, counter 3106-3505; 4771-5815.

. The State Administrative Procedure Act contemplates rules, that is, regulations or statements of general applicability that implement or apply law, and declaratory rulings, that is, statements issued by an agency on a person’s request with respect to (i) the applicability of any rule or statute enforced by the agency to any person, property or state of facts, or (ii) whether any action should be taken by the agency pursuant to a rule. Presumably, the Commissioner referred to a declaratory ruling when he insisted that Policy Statement 92-1 was an interpretation outside the requirements of *748 the State Administrative Procedure Act. A declaratory ruling, while it binds the agency issuing it, does not have the force of law. (State Administrative Procedure Act § 102 [2]; § 204 [1].) A rule does. In order for a rule to be valid, it must be promulgated and filed in accordance with the requirements and procedures of the State Administrative Procedure Act and of the New York Constitution. (E.g., Dubendorf v New York State Educ. Dept., 97 Misc 2d 382
[Sup Ct, Monroe County 1978].) Section 202 of the State Administrative Procedure Act requires, among other things, notice by publication in the State Register and article IV, § 8 of the New York Constitution requires filing with the Secretary of State.

. The court did not say what recourse was available to respondent if the DHCR had failed to bill the landlord.

. The court takes note of Tiebout Holding Co. v Cordero (154 Misc 2d 43 [App Term, 1st Dept 1992]), affirming an order below that had vacated the order appealed from. The court noted its "disagreement with so much of the court’s April 14, 1992 order (now vacated) as declined to adhere to the DH-CR’s policy statement concerning payment of annual registration fees.” (Supra, at 45.) The court below had declined to follow Policy Statement 92-1 because it had no application there, not being a rule with force of law. Inasmuch as the order below had been vacated by the lower court prior to the Appellate Term’s decision, there was no question for the court in Tiebout, and so there was no holding. (Compare, 23 Realty Assocs. v Andrejco, NYLJ, Sept. 23, 1992, at 23, col 4 [Civ Ct, NY County] [holding limited to question whether DHCR had authority to issue Policy Statement 92-1].)

. Moreira (supra) is silent on the State Administrative Procedure Act, although that was one of the grounds on which plaintiffs challenged Policy Statement 92-1. As noted, in order for a rule to be valid under the State Administrative Procedure Act, it must be promulgated and filed in accordance with the requirements and procedures of the State Administrative Procedure Act. Section 202 of the State Administrative Procedure Act requires, among other things, notice by publication in the State Register. *749 The DHCR issued Policy Statement 92-1 on January 23,1992; thus, if it were a rule, in order to be valid, it must have been proposed in a publication in the State Register at least 45 days, and not more than 180 days, before that date (on the assumption that the DHCR did not hold a hearing on the proposal). (See, State Administrative Procedure Act § 202 [1], [2].) The Quarterly Index for the State Register (Dept of State, Jan.-Dee. 1991) shows that there was no such publication in the State Register during that time. If the policy statement were a rule, it would be invalid.

. Before 1993, section 26-517 (e) of the RSL, which provides for failure to file a registration statement, and section 26-517.1 (b) of the RSL, which provides for failure to pay the administrative fee, were virtually the same. The Rent Regulation Reform Act of 1993 (L 1993, ch 253, § 23) augmented the last sentence of section 26-517 (e) as follows: "[The filing of a late registration shall result in the prospective elimination of such sanctions] and provided that increases in the legal regulated rent were lawful except for the failure to file a timely registration, the owner, upon the service and filing of a late registration, shall not be found to have collected an overcharge at any time prior to the filing of the late registration. If such late registration is filed subsequent to the filing of an overcharge complaint, the owner shall be assessed a late filing surcharge for each late registration in an amount equal to fifty percent of the timely rent registration fee.” The courts have concluded that the 1993 amendment authorizes a landlord who has filed a late registration statement to keep rent collected in excess of the legal regulated rent, if the increases were lawful except for the failure to file the registration statement. But the landlord may not sue and collect such excess rent. (Verveniotis v Cacioppo, 164 Misc 2d 334 [App Term, 2d Dept 1995]; DEL Realty Corp. v Zavala, 166 Misc 2d 736 [App Term, 1st Dept 1995]; Goldman v Porges, NYLJ, Mar. 28, 1995, at 25, col 1 [App Term, 1st Dept]; 17 E. 101st St. Assocs. v Huguenin, 161 Misc 2d 815 [Civ Ct, NY County 1994].) They rely on the 1993 amendment to avoid the conclusion that the owner has collected an overcharge, which a tenant may recover. The 1993 amendment, however, provides no relief to a landlord who fails to comply with section 26-517.1 (a). Accordingly, section 26-517.1 (b), which is the same as section 26-517 (e) before the 1993 amendment, permits a tenant to recover the resulting overcharge.